## No. 22-1998

# In the United States Court of Appeals for the Third Circuit

MONIQUE RUSSELL; JASMINE RIGGINS; ELSA M. POWELL; DESIRE EVANS

*Appellants*

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,

*Appellee*

On Appeal from the United States District Court for the Eastern District of Pennsylvania, No. 2:18-cv-05629-JDW (Wolson, J.)

## JOINT APPENDIX
## VOLUME I, PAGES JA1 TO JA78

JANET, JANET & SUGGS
 Patrick A. Thronson
 Brenda A. Harkavy
4 Reservoir Circle, Suite 200
Baltimore, MD 21208
(410) 653-3200
pthronson@jjsjustice.com

CONRAD O'BRIEN PC
 Nicholas M. Centrella
 Robin S. Weiss
1500 Market Street, Suite 3900
Philadelphia, PA 19102
(215) 864-9600

***Counsel for Appellants***

MORGAN, LEWIS & BOCKIUS LLP
 William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188
william.peterson@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
 Brian W. Shaffer
 Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103
(215) 963-5000

***Counsel for Appellee***

***Additional Counsel on Inside Cover***

THE LAW OFFICES OF PETER G. ANGELOS, P.C.
        Paul M. Vettori
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, MD 21201
(410) 649-2027

THE COCHRAN FIRM
        Karen Evans
        David Haynes
 1666 K Street NW
 Suite 1150
 Washington, DC 20006
 (202) 682-5800

SCHOCHOR AND STATON, P.A.
        Scott Kurlander
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Z LAW, LLC
        Cory L. Zajdel
2345 York Road, Suite #B-13
Timonium, MD 21093
(443) 213-1977

*Counsel for Appellants*

# TABLE OF CONTENTS

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | ***Volume I*** | | |
| 1-1 | Petitioner's Notice of Appeal (3d Cir. No. 22-1998) | 5/24/2022 | JA1 |
| 102 | ORDER Cancelling Oral Arguments on Motion for Summary Judgment and Class Certification Motions | 3/22/2022 | JA4 |
| 103 | Memorandum Opinion | 5/19/2022 | JA5 |
| 104 | ORDER Granting Defendants' Motion for Summary Judgment (ECF No. 81) | 5/19/2022 | JA24 |
| 57 | Memorandum Opinion | 3/23/2020 | JA25 |
| 58 | Order | 3/23/2020 | JA53 |
| 10-1 | Order, No. 20-8024 (3d Cir. May 11, 2020) | 5/11/2020 | JA54 |
| 5-1 | Petitioners' Concise Summary of the Case | 6/2/2022 | JA56 |
| — | District Court Docket | Printed 9/8/2022 | JA59 |
| | ***Volume II, Pages JA79 to JA562*** | | |
| 1 | Civil Cover Sheet | 12/31/2018 | JA79 |
| | Designation Forms | | JA80 |
| | Defendant's Notice of Removal | | JA83 |
| | Exhibit A: Plaintiffs' Class Action Civil Complaint (Phila. Ct. Com. Pl. No. 181101690) | | JA90 |
| | Exhibit A | | JA113 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|--------------------|-----------|------|
|  | Exhibit B |  | JA119 |
|  | Exhibit C |  | JA122 |
| 7 | Answer to Class Action Civil Complaint and Affirmative Defenses | 2/6/2019 | JA126 |
| 32 | Motion for Class Certification | 10/7/2019 | JA167 |
| 32-1 | Memorandum of Law in Support of Motion for Class Certification |  | JA169 |
| 32-2 | Certificate of Service |  | JA199 |
| 32-3 | Exhibit 1 |  | JA200 |
| 32-4 | Exhibit 2 |  | JA202 |
| 32-5 | Exhibit 3 |  | JA204 |
| 32-6 | Exhibit 4 |  | JA207 |
| 32-7 | Exhibit 5 |  | JA210 |
| 32-8 | Exhibit 6 |  | JA215 |
| 32-9 | Exhibit 7 |  | JA217 |
| 32-10 | Exhibit 8 |  | JA238 |
| 32-11 | Exhibit 9 |  | JA241 |
| 32-12 | Exhibit 10 |  | JA245 |
| 32-13 | Exhibit 11 |  | JA251 |
| 32-14 | Exhibit 12 |  | JA253 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| 32-15 | Exhibit 13 | | JA255 |
| 32-16 | Exhibit 14 | | JA257 |
| 32-17 | Exhibit 15 | | JA259 |
| 32-18 | Exhibit 16 | | JA262 |
| 32-19 | Exhibit 17 | | JA267 |
| 32-20 | Exhibit 18 | | JA272 |
| 32-21 | Exhibit 19 | | JA274 |
| 32-22 | Exhibit 20 | | JA276 |
| 32-23 | Exhibit 21 | | JA278 |
| 32-24 | Exhibit 22 | | JA280 |
| 32-25 | Exhibit 23 | | JA283 |
| 32-26 | Exhibit 24 | | JA286 |
| 32-27 | Exhibit 25 | | JA288 |
| 32-28 | Exhibit 26 | | JA290 |
| 32-29 | Exhibit 27 | | JA292 |
| 32-30 | Exhibit 28 | | JA294 |
| 32-31 | Exhibit 29 | | JA296 |
| 32-32 | Exhibit 30 | | JA303 |
| 32-33 | Exhibit 31 | | JA314 |

## TABLE OF CONTENTS
### (continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|-----------|------|
| 32-34 | Exhibit 32 | | JA317 |
| 32-35 | Exhibit 33 | | JA325 |
| 32-36 | Exhibit 34 | | JA383 |
| 32-37 | Exhibit 35 | | JA419 |
| 32-38 | Exhibit 36 | | JA459 |
| 32-39 | Exhibit 37 | | JA490 |
| 32-40 | Exhibit 38 | | JA525 |
| 32-41 | Exhibit 40 | | JA532 |
| *Volume III, Pages JA563 to JA1037* | | | |
| 32-42 | Exhibit 41 | | JA563 |
| 32-43 | Exhibit 42 | | JA571 |
| 32-44 | Exhibit 43 | | JA579 |
| 32-45 | Exhibit 44 | | JA604 |
| 32-46 | Exhibit 45 | | JA628 |
| 33 | Exhibit 39 to Motion to Certify Class | 10/8/2019 | JA698 |
| 39 | Defendant Educational Commission for Foreign Medical Graduates' Opposition to Plaintiffs' Motion for Class Certification | 10/28/2019 | JA707 |
| 39-1 | Exhibit 1: Verification Papers - University of Ibadan | | JA743 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 39-2 | Exhibit 2: Verification Papers – University of Benin | | JA749 |
| 39-3 | Exhibit 3: October 14, 2019 Expert Report from Dr. Mark A. Smith | | JA755 |
| 39-4 | Exhibit 4: October 14, 2019 Expert Report from dr. Laurence H. Beck | | JA772 |
| 39-5 | Exhibit 5: March 16, 2007 Letter to John-Charles Akoda from Howard University Hospital | | JA796 |
| 39-6 | Exhibit 6: Howard University Hospital Certificate of Completion of Residency for John-Charles Nosa Akoda MD | | JA798 |
| 39-7 | Exhibit 7: January 31, 2014 Letter to John-Charles Akoda from American Board of Obstetrics and Gynecology | | JA800 |
| 39-8 | Exhibit 8: May 22, 2002 Letter to Dr. Oluwafemi Charles Igberase from William C. Kelly | | JA802 |
| 39-9 | Exhibit 9: November 7, 2000 Letter to State of Maryland Board of Physician Assurance from Meridian Health System | | JA805 |
| 39-10 | Exhibit 10: May 5, 2017 Virginia Department of Health Professions Report | | JA807 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 50-1 | Exhibit 11 (Redacted): Plaintiff Desire Evans's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA811 |
| 50-2 | Exhibit 12 (Redacted): Plaintiff Elsa Powell's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA836 |
| 50-3 | Exhibit 13 (Redacted): Plaintiff Jasmine Riggins' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA863 |
| 50-4 | Exhibit 14 (Redacted): Plaintiff Monique Russells' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA887 |
| 39-15 | Exhibit 15: Email from Kara Corrado to Lisa Cover, Suzann Paolini, and Roman Mizak (March 18, 2016) | | JA911 |
| 39-16 | Exhibit 16: Email from Kara Corrado to Lisa Cover (Nov. 29, 2016) | | JA915 |
| 39-17 | Exhibit 17: Notice #101 from Lisa Cover (March 1, 2017) | | JA920 |

**TABLE OF CONTENTS**
**(continued)**

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 50-5 | Exhibit 18 (Redacted): Plaintiff Desire Evans's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA924 |
| 46-6 | Exhibit 19 (Unredacted): Plaintiff Elsa Powell's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA954 |
| 46-7 | Exhibit 20 (Unredacted): Plaintiff Jasmine Riggins' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA984 |
| 46-8 | Exhibit 21 (Redacted): Plaintiff Monique Russells' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1008 |
| 39-22 | Exhibit 22: February 26, 2018 Expert Report from Dr. Thomas Bojko | | JA1033 |
| *Volume IV, Pages JA1038 to JA1517* | | | |
| 39-23 | Exhibit 23: Docket from Russell et al v. Dimensions Health Corporation, CAL 17-22761 (Cir. Ct. Prince George's Cty, MD) | | JA1038 |
| 39-24 | Exhibit 24: Stipulation of Dismissal, CAL 17-2271 | | JA1053 |
| 50-6 | Exhibit 25 (Redacted): Questionnaire Responses | | JA1058 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| 46-10 | Exhibit 26 (Redacted): September 25, 2019 Expert Report from Dr. Gladys Fenichel | | JA1124 |
| 50-7 | Exhibit 27 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Monique Russell, conducted by Dr. Gladys Fenichel | | JA1132 |
| 46-12 | Exhibit 28 (Redacted): September 25, 2019 Independent Medical Examination Report on Plaintiff Jasmine Riggins conducted by Dr. Gladys Fenichel | | JA1141 |
| 46-13 | Exhibit 29 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Elsa Powell, conducted by Dr. Gladys Fenichel | | JA1147 |
| 50-8 | Exhibit 30 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Desire Evans, conducted by Dr. Gladys Fenichel | | JA1154 |
| 46-15 | Exhibit 31 (Redacted): October 14, 2019 Rebuttal Expert Report from Dr. Gladys Fenichel | | JA1164 |
| 46-16 | Exhibit 32 (Redacted): September 23, 2019 Expert Report from Dr, Jay Goldberg | | JA1168 |
| 39-33 | Exhibit 33: Facebook Comments Produced by Plaintiff Monique Russell | | JA1179 |

**TABLE OF CONTENTS**
**(continued)**

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 39-34 | Exhibit 34: October 14, 2019 Rebuttal Expert Report from Dr. Susan McDonald | | JA1183 |
| 39-35 | Exhibit 35: Jalloh et al v. Chaudry et al, CAL 16-22162 (Cir. Ct. Prince George's Cty, MD) – Complaint | | JA1214 |
| 50-9 | Exhibit 36 (Redacted): September 5, 2019 Transcript of Deposition of Desire Evans | | JA1236 |
| 50-10 | Exhibit 37 (Redacted): September 6, 2019 Transcript of Deposition of Elsa Powell | | JA1285 |
| 39-38 | Exhibit 38: Russell et al v. Dimensions Health Corporation, CAL 17-22761 (Cir. Ct. Prince George's Cty, MD) – First Amended Class Action Complaint | | JA1315 |
| 39-39 | Text of Proposed Order | | JA1339 |
| 47 | Reply Memorandum of Law in Support of Motion for Class Certification | 11/11/2019 | JA1340 |
| 47-1 | Exhibit 1 | | JA1362 |
| | Exhibit 2 | | JA1365 |
| | Exhibit 3 | | JA1367 |
| 48 | Defendant Educational Commission for Foreign Medical Graduates' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification | 11/18/2019 | JA1371 |
| 63 | Transcript of Proceedings Held on January 30, 2020 | 4/6/2020 | JA1381 |

**TABLE OF CONTENTS**
**(continued)**

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 5-1 | Response in Opposition to Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), No. 20-8024 (3d Cir. No. 20-8024) | 4/20/2020 | JA1469 |
| 9 | Reply in Support of Petition for Permission to Appeal, No. 20-8024 (3d Cir. No. 20-8024) | 4/27/2020 | JA1501 |
| *Volume V (Under Seal), Pages JA1518 to JA1908* | | | |
| 40 | Defendant Educational Commission for Foreign Medical Graduates' Opposition to Plaintiffs' Motion for Class Certification (Under Seal) | 10/28/2019 | JA1518 |
| | Exhibit 11 (Under Seal): Plaintiff Desire Evans's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1554 |
| | Exhibit 12 (Under Seal): Plaintiff Elsa Powell's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1579 |
| | Exhibit 13 (Under Seal): Plaintiff Jasmine Riggins' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1606 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | Exhibit 14 (Under Seal): Plaintiff Monique Russells' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1630 |
| | Exhibit 18 (Under Seal): Plaintiff Desire Evans's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1654 |
| | Exhibit 21 (Under Seal): Plaintiff Monique Russells' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1684 |
| | Exhibit 25 (Under Seal): Questionnaire Responses | | JA1709 |
| | Exhibit 26 (Under Seal): September 25, 2019 Expert Report from Dr. Gladys Fenichel | | JA1775 |
| | Exhibit 27 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Monique Russell, conducted by Dr. Gladys Fenichel | | JA1783 |
| | Exhibit 28 (Under Seal): September 25, 2019 Independent Medical Examination Report on Plaintiff Jasmine Riggins, conducted by Dr. Gladys Fenichel | | JA1792 |

## TABLE OF CONTENTS
### (continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | Exhibit 29 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Elsa Powell, conducted by Dr. Gladys Fenichel | | JA1798 |
| | Exhibit 30 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Desire Evans, conducted by Dr. Gladys Fenichel | | JA1805 |
| | Exhibit 31 (Under Seal): October 14, 2019 Rebuttal Expert Report from Dr. Gladys Fenichel | | JA1815 |
| | Exhibit 32 (Under Seal): September 23, 2019 Expert Report from Dr, Jay Goldberg | | JA1819 |
| | Exhibit 36 (Under Seal): September 5, 2019 Transcript of Deposition of Desire Evans | | JA1830 |
| | Exhibit 37 (Under Seal): September 6, 2019 Transcript of Deposition of Elsa Powell | | JA1879 |
| *Volume VI – Pages JA1909 to JA4931* | | | |
| 1-1 | Petition by Educational Commission for Foreign Medical Graduates for Leave to Appeal Pursuant to Fed. R. Civ. P. 23(f) (3d Cir. No. 20-8024) | 4/6/2020 | JA1909 |
| 10-1 | Order Granting Petition for Leave to Appeal, No. 20-8024 (3d Cir. No. 20-8024) | 05/11/2020 | JA1943 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 10-2 | Notice Grant of Permission for Leave to Appeal | 05/11/2020 | JA1944 |
| 20 | Brief of Appellant and Joint Appendix | 09/02/2020 | JA1945 |
| 26 | Addendum to Brief of Appellant | 09/04/2020 | JA2012 |
| 34 | Brief of the Chamber of Commerce of the United States of America as *Amicus Curiae* in Support of Appellant | 09/09/2020 | JA2016 |
| 47 | Brief of Appellees | 11/02/2020 | JA2044 |
| 49 | Reply Brief of Appellants | 11/23/2020 | JA2125 |
| 64 | Transcript of Oral Argument Before the Honorable Luis Felipe Restrepo, the Honorable Stephanos Bibas, the Honorable David James Porter United States Circuit Court Judges | 02/25/2021 | JA2161 |
| 65 | Opinion Order Remanding Case to the United States District Court for the Eastern District of Pennsylvania | 09/24/2021 | JA2202 |
| 79 | Plaintiffs' Supplemental Memorandum in Support of Class Certification | 12/10/2021 | JA2234 |
| 80 | Defendant's Supplemental Brief in Opposition to Class Certification | 12/10/2021 | JA2254 |
| 81 | Defendant's Motion for Summary Judgment | 12/10/2021 | JA2280 |
| 82 | Defendants' Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs Expert Dr. Annie Steinberg | 12/10/2021 | JA2334 |

# TABLE OF CONTENTS
## (continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| 83 | Defendants' Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs' Experts Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson | 12/10/2021 | JA2542 |
| 84 | Defendants' Unopposed Motion to Seal | 12/10/2021 | JA2810 |
| 85 | Statement of Undisputed Material Facts in Support of Defendant Educational Commission for Foreign Medical Graduates' Motion for Summary Judgment | 12/10/2021 | JA2818 |
| 86 | Defendant Educational Commission for Foreign Medical Graduates' Notice of Exhibits | 12/11/2021 | JA3079 |
| 92 | Joint Stipulation re ECF 82 | 01/14/2022 | JA3914 |
| 93 | Plaintiffs' Response in Opposition to Defendant Educational Commission for Foreign Medical Graduates' Motion for Summary Judgment | 01/14/2022 | JA3916 |
| 94 | Plaintiffs' Response in Opposition to Defendant's Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs' Experts Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson | 01/14/2022 | JA4271 |
| 95 | Plaintiffs' Response to Defendant's Supplemental Brief in Opposition to Class Certification | 01/14/2022 | JA4514 |
| 96 | Defendant's Opposition Brief in Response to Plaintiffs' Supplemental Brief Regarding Class Certification | 01/14/2022 | JA4530 |

**TABLE OF CONTENTS**
**(continued)**

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 98 | Defendant's Reply in Support of Motion for Summary Judgment | 01/28/2022 | JA4550 |
| 99 | Defendant's Reply in Support of its Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs' Experts Dr. David Markenson Dr. John Charles Hyde, and Dr. Jerry Williamson | 01/28/2022 | JA4687 |
| 100 | Order rescheduling Oral Argument on summary judgment and class certification is Rescheduled for March 29, 2022 | 01/31/2022 | JA4702 |
| 101 | Plaintiffs' Sur-Reply In Support of its Opposition to Defendant Educational Commission for Foreign Medical Graduates Motion for Summary Judgment | 02/11/2022 | JA4703 |
| 102 | Order Cancelling Oral Argument on summary judgment and class certification motions, currently scheduled for March 29, 2022, is Cancelled | 03/22/22 | JA4715 |
|  | Petitioner's Petition for Writ of Certiorari to the United States Court of Appeals for the Third Circuit, No. 21-948 (Supreme Court of the United States, No. 21-948) | 12/23/2021 | JA4716 |
|  | Brief of the Chamber of Commerce of the United States of America as *Amicus Curiae* in Support of Petitioner, No. 21-948 (Supreme Court of the United States, No. 21-948) | 01/28/2022 | JA4824 |

# **TABLE OF CONTENTS**
**(continued)**

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| | Respondents' Brief in Opposition, No. 21-948 (Supreme Court of the United States, No. 21-948) | 04/08/2022 | JA4853 |
| | Reply for Petitioner, No. 21-948 (Supreme Court of the United States, No. 21-948) | 04/26/2022 | JA4899 |
| | Order Denying Petitioner's Petition for Writ of Certiorari, No. 21-948 (Supreme Court of the United States, No. 21-948) | 05/16/2022 | JA4923 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS,

      **Plaintiffs,**

  v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,

      **Defendant.**

**CIVIL ACTION NO. 18-5629**
**Honorable Joshua D. Wolson**

## NOTICE OF APPEAL

Notice is hereby given that Monique Russell, Jasmine Riggins, Elsa M. Powell, and Desire Evans, Plaintiffs in the above-named case, on behalf of themselves and all others similarly situated, hereby appeal to the United States Court of Appeals for the Third Circuit from the Memorandum and accompanying Order granting Defendant's Motion for Summary Judgment (ECF Nos. 103, 104) entered in this action on May 19, 2022.

Dated: May 24, 2022

                               Respectfully submitted,

SCHOCHOR, FEDERICO AND STATON

*/s/ Brent Ceryes*
  The Paulton
  1211 St. Paul Street
  4 Reservoir Circle, Suite 200
  Baltimore, Maryland 21202
  (410) 234-1000

CONRAD O'BRIEN PC

*/s/ Robin S. Weiss*
  Nicholas M. Centrella (Pa. ID 67666)
  Robin S. Weiss (Pa. ID 312071)
  1500 Market Street, Suite 3900
  Philadelphia, PA 19102-2100
  (215) 864-9600

JA1

LAW OFFICES OF PETER G. ANGELOS, P.C.

  Paul M. Vettori
  One Charles Center
  100 N. Charles Street, 20th Floor
  Baltimore, Maryland 21201
  (410) 649-2000

Z LAW, LLC

  Cory L. Zajdel
  2345 York Rd. Suite B-13
  Timonium, MD 21093
  (443) 213-1977

JANET, JANET & SUGGS, LLC
SCHOCHOR, FEDERICO AND STATON

  Patrick A. Thronson
  Brenda A. Harkavey
  4 Reservoir Circle, Suite 200
  Baltimore, MD 21208
  (410) 653-3200

THE COCHRAN FIRM, DC/BALTIMORE

  Karen E. Evans
  David E. Haynes
  1666 K Street, N.W.
  Suite 1150
  Washington, DC 20005
  (202) 682-5800

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

JA2

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the foregoing document to be electronically filed and served upon all counsel of record by electronic filing. This document is available for viewing and downloading from the Court's ECF System.

Dated: 5/24/2022                                      */s/ Robin S. Weiss*

                                                       Robin S. Weiss

JA3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE RUSSELL,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**<br><br>*Defendant.* | **Case No. 2:18-cv-05629-JDW** |

## <u>MEMORANDUM</u>

Memories are a tricky thing. Once an event happens, it has happened. There is no changing what occurred. But a person's memories of those events are not nearly as static. What someone remembers one day is not necessarily the same as what she remembers the next. Sometimes memories fade, and precise details are lost to the ether. Other times, social mores or a person's belief system evolves or changes, causing her to reassess her memories. And still other times, a person learns new information that causes her to remember events differently, either by filling in gaps in her memory or by viewing them in an entirely different light.

The Plaintiffs in this case learned that their obstetrician was not who he claimed. He did not graduate from medical school, and his identity was false. That information came as a shock, and it has caused them to reassess their memories of the treatment that they received from this "doctor." And that reassessment has caused them emotional distress for which they seek to hold the Educational Commission For Foreign Medical Graduates ("ECFMG") liable. Their claims test the

JA4

outer limits of the tort of negligent infliction of emotional distress ("NIED"). As explained below, the Court concludes that their claims stretch that tort too far. They cannot maintain their claims against ECFMG, so the Court will grant ECFMG's motion for summary judgment.

## I. BACKGROUND

### A. Factual Background

#### 1. ECFMG certification

ECFMG certifies that international medical graduates ("IMGs") graduated from a recognized foreign institution, demonstrate English-language proficiency, and pass the first two steps of the United States Medical Licensing Examination. IMGs can use an ECFMG certification to apply to residency and other graduate medical education programs and to apply for state medical licenses.

ECFMG also investigates what it calls "irregular behavior." If ECFMG receives an allegation of irregular behavior, it reviews the allegation and determines whether sufficient evidence supports the charge. If so, ECFMG notifies the applicant of the allegation and permits him to submit a written explanation or other evidence. The applicant may request a hearing and hire legal counsel. Then, ECFMG determines whether, by a preponderance of the evidence, the applicant engaged in the irregular behavior. ECFMG may revoke its certification, but it does not have to do so. In all cases where ECFMG determines there was irregular behavior, ECFMG will add a note in the IMG's ECFMG record.

JA5

### 2. IMGs' medical practice in the United States

To practice medicine in the United States, an IMG must complete additional steps beyond an ECFMG certification. An IMG may apply to a residency program, and those programs typically consider in-person interviews, information provided by the IMG, letters of recommendation, skills assessments and additional examinations, medical school transcripts, ECFMG certification, and a background check to evaluate IMGs. During residency, a residency program supervises and evaluates residents with progress reports and exams, among other things.

To get licensed, an IMG must also apply for licensure with the state licensing board. In Maryland, the Maryland State Board of Physicians requires ECFMG certification, completion of three medical licensing exams, good moral character, and completion of two years of an accredited residency program.

IMGs may also seek hospital staff privileges. Each hospital has its own application. Typically, hospitals interview applicants and review several things, including ECFMG certification, personal reference contacts, certificates of residency completion, letters of recommendation from program directors, a Social Security number, a valid passport or birth certificate, a background check, and a drug screen. Hospitals also conduct ongoing reviews of a physician's clinical performance, demeanor, and interactions with patients.

### 3. Mr. Igberase aka Mr. Akoda

In April 1992, Oluwafemi Charles Igberase applied to ECFMG for certification, claiming that he graduated from medical school in Nigeria. ECFMG issued him a certificate. Despite the certificate, no residency program admitted him. In March

3

JA6

1994, Mr. Igberase submitted a second application to ECFMG for certification. This time, he used a false date of birth and a different name: Igberase Oluwafemi Charles. ECFMG approved this second application. ECFMG later determined that Mr. Igberase fraudulently applied for two ECFMG certifications under two different names and revoked each certification.

In 1996, Mr. Igberase applied to ECFMG using a fake passport and yet another name: John Charles Akoda. ECFMG certified Mr. Akoda in August 1997. In 1998, Jersey Shore Medical Center ("JSMC") admitted Mr. Akoda to its internal medicine residency program. In August 2000, JSMC asked ECFMG to investigate Mr. Akoda because JSMC learned that he might have served as a resident in two other U.S. residency programs under the name "Igberase." ECFMG began an investigation. Mr. Igberase[1] disputed the JSMC allegations. In 2000, JSMC discharged Mr. Igberase due to discrepancies between his Social Security number and green card. ECFMG continued to investigate but took no adverse action because it concluded there was insufficient evidence of irregular behavior.

In 2006, Mr. Igberase applied for a residency at Howard University Hospital, using the Akoda identity and a false permanent residency card. He completed the program in 2011. That same year, he applied for and received medical licenses in Maryland and Virginia. He also used the Akoda identity to apply for and receive admitting privileges at Prince George's Hospital Center in Maryland. For his Maryland license and hospital application, he submitted a fake permanent resident

---

[1] The Court will refer to Mr. Igberase as "Mr. Igberase," even though he was using the "Akoda" identity.

JA7

card and a false Maryland driver's license. At Prince George's Hospital Center, Mr. Igberase worked with patients from medical practices run by Drs. Abdul Chaudry and Javaka Moore. The American Board of Obstetrics and Gynecology certified Mr. Igberase on January 31, 2014.

On June 9, 2016, law enforcement executed search warrants concerning Mr. Igberase and discovered fraudulent or altered documents, including medical diplomas, transcripts, and letters of recommendation. He signed a plea agreement admitting to misuse of a Social Security number. ECFMG revoked the certification it had issued to him. After his sentencing, Prince George's Hospital Center terminated his medical privileges, and the Maryland Board of Physicians revoked his license.

### 4. Plaintiffs' knowledge of and treatment with Mr. Igberase

The four named Plaintiffs—Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans—each received medical treatment from Mr. Igberase at Prince George's Hospital Center. Mr. Igberase treated Ms. Riggins beginning in August 2012, and he performed unplanned emergency caesarean-section surgery on Ms. Riggins in March 2013 and Ms. Russell in May 2016.[2] He treated Ms. Powell regularly beginning in April 2014, delivered her child in September 2014, and provided post-natal care through January 2015. He delivered Ms. Evans's child via caesarean-section surgery in March 2016. Some of the Plaintiffs allege that during treatment he performed inappropriate examinations of a sexual nature while utilizing

---

[2] At one point during her deposition Ms. Russell said that Mr. Igberase delivered her child in 2017, but Plaintiffs admit the child was delivered in 2016.

JA8

inappropriate and explicit sexual language. None of them knew that Mr. Igberase was not really a doctor when he treated them.

Ms. Powell learned of Mr. Igberase's identity in 2017 from online media. Ms. Russell learned about his guilty plea some time around June 2017 from a Department of Justice press release. Ms. Riggins learned from a Facebook post in July 2017. Ms. Evans learned from a radio advertisement likely in the summer of 2018.

### B.    Procedural History

Plaintiffs seek to hold ECFMG liable for incorrectly certifying Mr. Igberase as an IMG. They assert NIED and propose to represent a class of Mr. Igberase's patients. In a Memorandum and Order dated March 23, 2020, this Court certified an "issue class" pursuant to Federal Rule of Civil Procedure 23(c)(4) with respect to four issues: (1) whether the Commission undertook or otherwise owed a duty to class members; (2) whether the Commission breached any duty that it owed to class members; (3) whether the Commission undertook or otherwise owed a duty to hospitals and state medical boards, such that it may be held liable to class members pursuant to the Restatement (Second) of Torts § 324A; and (4) whether the Commission breached any duty that it owed to hospitals and state medical boards. On September 23, 2021, the Third Circuit vacated the Court's Order and remanded the case for further consideration. After remand, ECFMG moved for summary judgment, and the Parties re-briefed class certification.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to

JA9

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *See Celotex*, 477 U.S. at 323.

## III.  ANALYSIS

### A.  Choice Of Law

The Parties devote most of their argument to Pennsylvania law, but they dispute whether Maryland law applies and whether ECFMG could be liable under Maryland law. In its class certification ruling, the Court held that Pennsylvania law applies, and that remains its conclusion. A federal court sitting in diversity must apply the choice-of-law rues of the forum state, so Pennsylvania choice-of-law rules apply. *See Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 496 (1941). Pennsylvania applies a flexible approach that considers both contacts establishing significant

JA10

relationships with a state and a qualitative appraisal of the relevant states' policies with respect to the controversy. *See Garcia v. Plaza Oldsmobile Ltd.*, 421 F.3d 216, 219–20 (3d Cir. 2005). Under that approach, the Court must determine if an actual conflict exists between the laws of two or more states. If so, the Court must decide if the conflict is true, false, or "unprovided-for." *Rose v. Dowd*, 265 F. Supp.3d 525, 530 (E.D. Pa. 2017) (citation omitted). A true conflict exists "when the governmental interests of both jurisdictions would be impaired if their law were not applied." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187 n.15 (3d Cir. 1991). If there is a true conflict, then the Court must apply the law of the state with the "most significant contacts or relationships with the particular issue." *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007) (quotation omitted).

For the reasons the Court stated in its class certification decision, there is no true conflict here. *See Russell v. Ed. Comm'n for Foreign Med. Grads.*, Case No. 2:18-cv-5929-JDW, 2020 WL 1330699, at * 4 (E.D. Pa. Mar. 23, 2020). But even if there were a true conflict, Pennsylvania law would apply. At bottom, this case is about how ECFMG performed the role that it assumed and whether its performance of that role led Plaintiffs to suffer harm. The work that ECFMG did, both its certification of Mr. Igberase in 1997 (when he used the Akoda identity) and its later response to allegations of improper conduct, occurred in Pennsylvania. Pennsylvania has a particularly strong interest the way that a Pennsylvania entity conducts itself in Pennsylvania. ECFMG argues that Maryland law should apply because the claim is "based on treatment rendered in Maryland by a physician licensed to practice in Maryland." (ECF No. 81-1 at 27–28.) But it's not. This isn't a case against Mr.

8

Igberase. It's a case against ECFMG for enabling Mr. Igberase to perform medical services, and that enablement happened in Pennsylvania. That's a subtle but important distinction, and one that ECFMG overlooks. Pennsylvania law applies.

### B.    NIED

The Pennsylvania Supreme Court has not considered whether plaintiffs can raise NIED claims where they learn new information about some prior event. Because this case arises under the Court's diversity jurisdiction, the Court must predict how the Pennsylvania Supreme Court would decide the issue. *See Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45–46 (3d Cir. 2009). Historically, the Pennsylvania Supreme Court has limited NIED claims. Until 1970, it only permitted physical impact claims. *See Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 992 (Pa. 1987). The Supreme Court created two limited exceptions to that rule: zone of danger; and bystander claims. *See id*. at 992–93. Recently, the Supreme Court has suggested that a plaintiff might also be able to recover if the defendant has certain special contractual or fiduciary duties toward the plaintiff. *See Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 100 (Pa. 2011) (affirmance by evenly-split court).

Given these holdings, a claim for NIED must fall within four factual scenarios: (1) the plaintiff suffered a physical impact; (2) "the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury;" (3) the plaintiff observed a tortious physical injury to a close relative; or (4) the defendant had a special contractual or fiduciary duty toward the plaintiff. *Toney v. Chester Cty. Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. Ct. 2008), *aff'd* 36 A.3d 83 (Pa. 2011). The latter three scenarios reflect situations in which Pennsylvania courts have indicated a

9

willingness to relax the rule requiring a physical impact. If a plaintiff's claim falls within one of the four recognized scenarios, then she must also establish negligence, *i.e.* that the "defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Id.* at 198 (quotation omitted).

### 1. NIED-triggering factual scenarios

#### a. Physical impact

To bring a physical impact claim, a plaintiff's emotional distress must be "accompanied by a physical injury or impact upon the complaining party." *Toney*, 36 A.3d at 88 (citing *Kazatsky*, 527 A.2d at 992). The physical impact may be minor; it need not be directly with the defendant; and it need not occur simultaneously with the negligent act. *See Shumosky v. Lutheran Welfare Servs. of Ne. PA, Inc.*, 784 A.2d 196, 200–01 (Pa. Super. Ct. 2001); *Stoddard v. Davidson*, 513 A.2d 419, 422 (Pa. Super. Ct. 1986).

To maintain such a claim, the emotional impact must be contemporaneous with the event that causes it. *See, e.g., Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 28 (Pa. Super. Ct. 2000) ("a plaintiff who alleges [NIED] must suffer ***immediate*** and ***substantial*** physical harm") (emphasis in original); *Toney*, 961 A.2d at 200 (same); *Brown v. Philadelphia Coll. of Osteopathic Med.*, 674 A.2d 1130, 1132, 1136 (Pa. Super. Ct. 1996) (distress began when woman miscarried, and nurse placed a bloody fetus in patient's arms); *Botek v. Mine Safety Appliance Corp.*, 611 A.2d 1174, 1175, 1177 (Pa. 1992) (headaches and insomnia began while, and soon after, using a gas mask filled with carbon monoxide rather

10

JA13

than oxygen); *Est. of Rennick v. Universal Credit Servs., LLC*, No. CV 18-3881, 2019 WL
196539, at *5 (E.D. Pa. Jan. 15, 2019) (requiring "immediate" physical harm); *Martin
v. Finley*, No. 3:15-CV-1620, 2016 WL 8257720, at *10 (M.D. Pa. Aug. 17, 2016), report
and recommendation adopted in part, overruled in part, No. 3:15-CV-1620, 2017 WL
626752 (M.D. Pa. Feb. 15, 2017) (requiring "temporal and physical proximity to
some direct physical harm"). Indeed, the Pennsylvania Supreme Court has
explained that NIED provides a remedy for "trauma derived from a
***contemporaneous*** physical impact." *Schmidt v. Boardman Co.*, 11 A.3d 924, 948 (Pa.
2011) (emphasis added). The Court acknowledges, of course, that shock might cause
a delay in the full onset of emotional symptoms after a traumatic event. But even
then, the shock itself is an immediate emotional reaction to a physical impact.

     Courts have imposed a similar timing restriction in claims without a physical
impact, in the context of a bystander plaintiff or a plaintiff who was in a zone of
danger. *See, e.g., Mazzagatti v. Everingham*, 516 A.2d 672, 678–80 (Pa. 1986); *Love v.
Cramer*, 606 A.2d 1175, 1177 (Pa. Super. Ct. 1992); *Drake v. United States*, No. 1:20-
CV-0972, 2021 WL 4502240, at * 6 (M.D. Pa. Sept. 30, 2021). In *Toney*, the
Pennsylvania Supreme Court acknowledged that by adopting rules regarding the
timing of an event and the resulting emotional distress, some people who suffer
distress will not be able to recover, "in part because [the courts] must draw lines to
prevent unlimited liability to an unlimited number of plaintiffs, notwithstanding the
commission of negligent acts." *Toney*, 36 A.3d at 91.

     The only cases that appear to relax the requirement that the emotional
distress be contemporaneous with a physical impact are cases involving an

JA14

exposure to a disease. In those cases, when a plaintiff learns that she might be at a
latent risk of disease, she can pursue a claim for the ongoing emotional distress of
that knowledge. *See, e.g., Shumosky*, 784 A.2d at 201–02; *Plummer v. United States*,
580 F.2d 72, 77 (3d Cir. 1978). But in those cases, the plaintiff has an ongoing
concern, not just a different perspective on past events. In contrast, when a plaintiff
has emotional distress from a feared disease exposure but no ongoing risk of
disease, she cannot pursue an NIED claim. *See Phila. Cmty. Health Alternatives Task
Force*, 745 A.2d at 28; *Lubowitz v. Albert Einstein Med. Ctr., N. Div.*, 623 A.2d 3, 4–5
(Pa. Super. Ct. 1993).

      Plaintiffs suffered a physical impact when they received medical treatment
from Mr. Igberase at various points between August 2012 and May 2016. But their
emotional distress did not accompany that impact; it arose when they learned about
Mr. Igberase's arrest and his background. There was no ongoing threat or risk that
caused any of their distress. Rather, their distress is a product of reconceiving their
memories in light of new information. The Court predicts that the Pennsylvania
Supreme Court would not recognize such a claim.

      The problem with permitting a claim in these types of circumstances is that
people's perceptions of their own memories change all the time, often for valid
reasons. The emotional trauma is real in those circumstances, but the Pennsylvania
Supreme Court has made clear that not everyone who experiences emotional trauma
has a legal remedy available. Expanding the physical impact test to encompass
claims of this type would also lead to burdensome liability and difficulty
circumscribing the area of liability, two issues against which the Supreme Court has

JA15

warned. *See Sinn v. Burd*, 404 A.2d 672, 678 (Pa. 1979); *Kazatsky*, 527 A.2d at 993. And, where uncertainty in state law exists, this Court must choose "the interpretation that restricts liability, rather than expands it, until the [Pennsylvania Supreme Court] decides differently." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 253 (3d Cir. 2010) (citation omitted). Taken together, all of these factors lead the Court to conclude that Plaintiffs cannot prevail on a claim based on a physical impact.

### b. Zone of danger

Plaintiffs argue that the "reasoning which permits recovery for those in the 'zone of danger' supports recovery for emotional distress damages here." (ECF No. 93-2 at 13–14.) From that obtuse language, it is not clear whether Plaintiffs assert a zone-of-danger theory or whether they are asking the Court to allow a new category of recovery that is similar to the zone-of-danger theory. Either way, they fail.

Under the zone of danger theory, a plaintiff may recover if she (1) was in personal danger of physical impact because of the direction of a negligent force against her and (2) actually feared the physical impact. *See Niederman v. Brodsky*, 261 A.2d 84, 90 (Pa. 1970) (abrogated on other grounds). At a minimum, Plaintiffs fail the second prong of this test. "Fear," by definition, implies anticipation or apprehension about what is to come. *See, e.g.,* Webster's New World Dictionary of Am. English 495 (3d Coll. ed.1988); New Oxford Am. Dictionary 632 (3d ed. 2010). Plaintiffs did not fear the physical impact from Mr. Igberase. Instead, they loathe the

13

memory of that treatment now that they know Mr. Igberase was not qualified to render it. That loathing is understandable, but it's not actionable.

Plaintiffs have not demonstrated that the Pennsylvania Supreme Court would create a new category of recovery without a physical impact. They argue that "conventional tort principals [sic] of foreseeability will provide the necessary limits on the scope of a defendants' [sic] liability," so they suggest that the Court should not impose limits for recovery of emotional distress. (ECF No. 93-2 at 14.) In effect, they argue that the Court should treat claims for emotional distress like every other claim for negligence and evaluate it based on foreseeability. That's not the approach that Pennsylvania courts have taken, though. They continue to adhere to the idea that NIED is a different tort than negligence and that a plaintiff's claim must fall into a few specific factual patterns to be actionable. In fact, the last time the Pennsylvania Supreme Court considered whether to relax the physical impact requirement and create a new category of relief, it split 3-3. *See generally Toney*, 36 A.3d. That split suggests a reticence on the Supreme Court's part to relax the physical impact requirement. Even the opinion favoring affirmance in *Toney* acknowledged that Pennsylvania law engages in line-drawing exercises in which some people who experience understandable emotional trauma cannot recover under an NIED theory. *See id.* at 91–92.

All of this leads the Court to predict that the Pennsylvania Supreme Court would not relax the physical impact requirement to permit claims like the ones in this case. To start, the fact that Pennsylvania continues to restrict NIED claims to certain scenarios means there must be some limiting principle to any new category

14

of claims. Plaintiffs do not propose such a limit, and their theory is largely boundless. As the Court has already said, there are too many ways that someone can suffer trauma as a result of viewing a memory through a new prism. In effect, permitting Plaintiffs to pursue a claim in this case would impose limitless liability and throw open the courthouse doors to a flood of NIED claims, something against which the Pennsylvania Supreme Court has warned. *See Toney*, 36 A.3d at 88; *Sinn*, 404 A.2d at 678.

### 2. Proximate cause

Even if Plaintiffs could shoehorn their claim into a factual scenario that allows for an NIED claim, they would have to demonstrate factual disputes concerning the traditional elements of negligence, including proximate cause. To satisfy the causation element, a plaintiff must prove both cause in fact (but-for causation) and proximate cause. To show proximate cause, a plaintiff must show that the wrongful act was a "substantial factor" in producing her harm. *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1234 (Pa. 1983) (citing Restatement (Second) of Torts § 431 (1965)); *see also Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. Ct. 2005). To determine whether the wrongful act was a substantial factor in bringing about the harm, courts consider three factors:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; [and]
>
> (c) lapse of time.

JA18

*Vattimo*, 465 A.2d at 1234 (citing Restatement (Second) of Torts § 433 (1965)). The ultimate inquiry is whether the "negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently occurred." *Lux*, 887 A.2d at 1286 (quotation omitted). These factors demonstrate that ECFMG's conduct was too remote to be a proximate cause of Plaintiffs' harm.

Number of factors. A lengthy chain of causal events separates ECFMG's alleged conduct and Plaintiffs' emotional distress. Mr. Igberase decided to defraud various entities by submitting false materials and lying about his background. Other entities evaluated Mr. Igberase and concluded he was fit to practice medicine in the United States. Howard University Hospital admitted Mr. Igberase to its residency program, monitored his performance throughout his residency, and permitted him to graduate. The Maryland State Board of Physicians and the Virginia Department of Health Professions licensed Mr. Igberase. Prince George's Hospital Center granted Mr. Igberase medical privileges. Dr. Moore's and Dr. Chaudhry's practices sent patients to Mr. Igberase. None of these entities detected Mr. Igberase's fraud, even though they conducted background investigations and assessed his medical skill. Each of those failures contributed to the events that led to Mr. Igberase treating each Plaintiff.

In a similar case, the Pennsylvania Superior Court found an absence of proximate cause. *See Commerce Bank/Pennsylvania v. First Union Nat. Bank*, 911 A.2d 133, 140–42 (Pa. Super. Ct. 2006). In that case, First Union failed to issue a Suspicious Activity Report based on an entity's fraudulent activity, and the entity later engaged

16

in a check-kiting scheme with an account at Commerce Bank. The Superior Court concluded that First Union's failure was not a proximate cause of the fraud because there were too many events within the chain of causation, including (1) the entity's decision to open a second account at Commerce Bank; (2) Commerce Bank's decision to open the account based on the First Union account without further background checks; (3) the check-kiting action on the Commerce Bank account; and (4) Commerce Bank's failure to detect the scheme earlier. *See id.* at 140–42.

Like in *First Union*, ECFMG failed to detect Mr. Igberase's fraud, and downstream entities relied on ECFMG. But also like in *First Union*, those downstream entities could have conducted their own diligence, and in many respects they did. Yet they did not ferret out the truth about Mr. Igberase. That failure was not just because ECFMG had certified Mr. Igberase; it was also because their own processes failed to detect anything wrong with Mr. Igberase's application, character, or medical skill. That failure came despite the fact many reviewed Mr. Igberase's paperwork, many conducted interviews with him and with others who knew him, and many had an opportunity to evaluate his medical skill. In that regard, all of those entities stand in contrast to JSMC, which identified discrepancies on its own when it reviewed Mr. Igberase's social security number and green card (which ECFMG did not review as part of its process). JSMC's ability to raise a red flag shows that other entities could have done so, too.

Plaintiffs downplay these intervening factors and suggest that ECFMG's certification set everything else in motion, but that is but-for causation. ECFMG's certification did not compel anyone to permit Mr. Igberase to practice medicine. The

JA20

entities that came later exercised their own discretion, based on the investigations and evaluations that they conducted. The exercise of that discretion by later actors lessens the link between ECFMG's certification and the harm to Plaintiffs. *See Cantwell v. Allegheny Cnty.*, 483 A.2d 1350, 1354 (Pa. 1984).

Force or series of forces. ECFMG's certification was necessary to set Mr. Igberase on a path to treating Plaintiffs and other patients. But it wasn't sufficient. The certification was harmless unless others, including a residency program, a state licensure board, and a hospital that offered admitting privileges, acted on it. When ECFMG certified Mr. Igberase in 1992, he could not get into a residency program, so that certification did not result in him treating any patients. The harmless certification in 1992 demonstrates that ECFMG's certification was harmless unless others acted upon it, and those others had independent discretion. *See id.*

Lapse of time. ECFMG certified Mr. Igberase in 1997 and it failed to act in response to JSMC's request for an investigation in 2000. Mr. Igberase did not treat the Plaintiffs until August 2012, and they did not experience any emotional distress until 2017. "At some point along the causal chain, the passage of time . . . mandate[s] a cut-off point for liability." *Mazzagatti*, 516 A.2d at 676. A lapse of six years suggests an absence of proximate cause. *See Holt v. Navarro*, 932 A.2d 915, 922 (Pa. Super. Ct. 2007) (citing *Brown v. Philadelphia Coll. of Osteopathic Med.*, 760 A.2d 863, 870 (2000)). The decade-plus lapse in this case leads to that same conclusion.

## IV.    CONCLUSION

Mr. Igberase's conduct was despicable, and his patients are understandably traumatized. ECFMG played a role in permitting the events to transpire, but it was

JA21

only one of many organizations that failed Mr. Igberase's patients. It might bear moral or ethical responsibility for the resulting trauma; that's not for the Court to say. But the Court can say that ECFMG does not bear legal responsibility. The Court will grant ECFMG's motion for summary judgment. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

May 19, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,**

    *Plaintiffs,*

    v.

**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**

    *Defendant.*

**Case No. 2:18-cv-05629-JDW**

## ORDER

AND NOW, this 19th day of May, 2022, upon consideration of Defendants' Motion For Summary Judgment (ECF No. 81), for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. **JUDGMENT** is **ENTERED** in favor of Defendant Educational Commission For Foreign Medical Graduates and against Plaintiffs Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans.

        **BY THE COURT:**

        */s/ Joshua D. Wolson*
        **JOSHUA D. WOLSON, J.**

JA23

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONIQUE RUSSELL, JASMINE
RIGGINS,  ELSA M. POWELL,
and DESIRE EVANS, on behalf of
themselves and all others
similarly situated,

　　　　　*Plaintiffs,*

　　v.

EDUCATIONAL COMMISSION
FOR FOREIGN MEDICAL
GRADUATES,

　　　　　*Defendant.*

Case No. 2:18-cv-05629-JDW

## MEMORANDUM

For years, a man using the name "John Charles Akoda" passed himself off as an OB/GYN. It turns out he was not a doctor at all.  Now, four of his former patients ask the Court to certify a class of his former patients. But they aren't suing him. They are suing the Educational Commission For Foreign Medical Graduates ("ECFMG"), a non-profit organization that certified that the man posing as Akoda had graduated from medical school abroad. Plaintiffs claim that ECFMG was negligent when it certified him as a doctor and when it failed to investigate allegations of identity fraud against him. They want the Court to certify a class only on liability issues so that, if they prevail, they can

1

proceed to individual proceedings about the emotional damages that they claim. For the reasons that follow, the Court will certify a class to consider the duty and breach elements of Plaintiffs' claims, which are subject to common proof, but will decline to certify issues about causation and damages, which are not.

## I.    BACKGROUND

### A.    ECFMG's Role In Qualifying International Medical Graduates

ECFMG is a non-profit based in Philadelphia. It certifies international medical graduates ("IMGs")—*i.e.*, individuals who received a medical education outside of the United States and Canada—to practice medicine in the United States. It verifies that IMGs received a degree from an appropriate institution and administers tests of medical knowledge and English proficiency. For qualified IMGs, it issues a certification, which IMGs can then use to apply to residency and other graduate medical education programs and to apply for state medical licenses.

ECFMG has a process for investigating what it calls "irregular behavior," meaning actions that might subvert ECFMG's certification process. It conducts investigations that include interviews with accused IMGs, as well as other individuals involved, and review of relevant documents. If ECFMG concludes that an IMG has engaged in irregular

2

behavior, it can revoke its certification of that IMG, or it can take lesser actions.

### B. Igberase/Akoda

In April 1992, Oluwafemi Charles Igberase applied to ECFMG for certification. He failed ECFMG's medical licensing exam twice but passed on his third try. ECFMG then issued him a certificate as an IMG. However, he did not gain admission to a residency program. In March 1994, Igberase submitted a second application to ECFMG for certification. In this second application, he used a false date of birth and a different name: Igberase Oluwafemi Charles. ECFMG approved this second application in December 1994. In November 1995, ECFMG determined that Igberase fraudulently applied for two ECFMG certifications under two different names and revoked each certification.

Igberase applied for certification to ECFMG a third time in 1996, using a fake passport and yet another name: John Charles Akoda. ECFMG certified Akoda in August 1997. In 1998, Igberase applied for and was admitted to a residency program at Jersey Shore Medical Center ("JSMC"). In August 2000, JSMC asked ECFMG to investigate Akoda because JSMC learned that the individual known as "Akoda" had served as a resident in two other U.S. residency programs under the name Igberase. ECFMG began an investigation. Using the "Akoda" identity, Igberase disputed the JSMC

3

JA26

allegations. In December 2000, JSMC advised ECFMG that it had dismissed Akoda from its residency program for using a false social security number. Plaintiffs allege that ECFMG took no action to retract Akoda's certification.

In 2006, Igberase applied for a residency at Howard University Hospital, using the Akoda identity and another individual's social security number. After completing the program in 2011, he applied for and received a Maryland medical license using fake identification documents. That same year, he became a member of the medical staff at Prince George's Hospital Center and began seeing patients there.

On June 9, 2016, law enforcement executed search warrants concerning Igberase/Akoda and discovered fraudulent or altered documents, including medical diplomas, transcripts, and letters of recommendation. He signed a plea agreement admitting to misuse of a social security number. ECFMG revoked the certification it had issued to Akoda. In March 2017, Igberase was sentenced by the United States District Court for the District of Maryland. Shortly thereafter, Prince George's Hospital Center terminated his medical privileges, and the Maryland Board of Physicians revoked his license.

## C.    Procedural History

Plaintiffs Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans are former patients of Igberase (who they knew as "Akoda"). He performed unplanned emergency cesarean section surgery on Ms. Russell and

4

Ms. Riggins. He also delivered Ms. Evans' child and Ms. Powell's child. None of the patients knew Igberase's true identity, and all assumed he was a doctor. They allege that he touched them without informed consent and that he performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language.

Plaintiffs assert claims of negligence and negligent infliction of emotional distress ("NIED") against ECFMG, arising out of its certification of Igberase. They ask the Court to certify a class of "all patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.)." (ECF No. 1, Ex. A at ¶ 48.) Plaintiffs ask the Court to certify the class as to liability, which they describe as "Option A." Alternatively, they propose nine specific issues for which the Court should certify a class ("Option B"):  (1) whether ECFMG undertook or otherwise owed a duty to class members who were patients of Igberase; (2) whether ECFMG breached its duty to class members; (3) whether ECFMG undertook or otherwise owed a duty to hospitals and state medical boards, such that ECFMG may be held liable for foreseeable injuries to third persons such as class members pursuant to Restatement (Second) of Torts § 324A; (4) whether ECFMG breached its duty to hospitals and state medical boards; (5) whether the emotional distress and other damages that Plaintiffs allege were a foreseeable result of ECFMG's conduct; (6) whether ECFMG's conduct

involved an unusual risk of causing emotional distress to others under Restatement (Second) of Torts § 313; (7) whether ECFMG is subject to liability under Restatement (Second) of Torts § 876 for assisting Igberase in committing fraud; (8) whether ECFMG knew or should have known that Akoda was, in fact, Igberase; and (9) whether it was foreseeable that ECFMG's conduct could result in emotional distress experienced by class members. (ECF No. 32-1 at 11.)  Of these, issues 5, 6, and 9 focus on questions of causation and damages (the "Damages Issues"), while the others relate to questions of liability.  The Court held oral argument on January 30, 2020.

## II.    STANDARD OF REVIEW

A court must not certify a class "casually." *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 132 (E.D. Pa. 2015). Instead, class "certification is proper only if the trial court is satisfied, after a rigorous analysis" that all of the necessary requirements have been fulfilled. *Ferreras v. American Airlines, Inc.*, 946 F.3d 178, 183 (3d Cir. 2019) (*citing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)). A rigorous analysis requires that factual determinations be made by a preponderance of the evidence. *See id*. This inquiry will at times require a court to examine issues that overlap, to some extent, with issues left for the final merits determination. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305,

6

318 (3d Cir. 2008). However, the Court should only do so to the extent

necessary to resolve the class certification motion, and no more. *See Amgen*

*Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).

A party seeking to certify a class must satisfy the requirements of

Federal Rule of Civil Procedure 23, which ordinarily means the four

requirements of Rule 23(a) and the requirements of one subparagraph of Rule

23(b). *See Gonzalez v. Corning*, 885 F.3d 186, 192 (3d Cir. 2018), *as amended*

(Apr. 4, 2018). Here, however, Plaintiffs seek to proceed with an issues class

under Rule 23(c)(4), which provides that, "[w]hen appropriate, an action may

be brought or maintained as a class action with respect to particular issues."

Fed. R. Civ. P. 23(c)(4). ECFMG argues that Plaintiffs cannot certify an

issues class until Plaintiffs show that "the common issues predominate over

the individual issues," *i.e.*, that Plaintiffs satisfy Rule 23(b)(3). (ECF No. 48

at 4.)

ECFMG's argument misunderstands the law in the Third Circuit. In

*Gates v. Rohm and Haas Co.*, 655 F.3d 255 (3d Cir. 2011), the Circuit noted a

disagreement among courts about how to apply Rule 23(b)(3)'s predominance

requirement in cases arising under Rule 23(c)(4): some courts held that a

plaintiff had to satisfy Rule 23(b)(3)'s predominance requirement for a case as

a whole before certifying certain issues; while other courts allowed

certification of an issue even if common issues did not predominate in the

7

case as a whole. *See id.* at 272-73. The Third Circuit declined to join "either camp in the circuit disagreement" and instead set forth a list of factors that courts should consider:  (a) the type of claim(s) and issue(s) in question; (b) the overall complexity of the case; (c) the efficiencies to be gained by granting partial certification in light of realistic procedural alternatives; (d) the substantive law underlying the claim(s), including any choice of law questions it might present and whether the substantive law separates the issue(s) from other issues concerning liability or remedy; (e) the impact partial certification will have on the constitutional and statutory rights of both the class members and the defendant(s); (f) the potential preclusive effect or lack thereof that resolution of the proposed issue class will have; (g) the repercussions certification of an issue(s) class will have on the effectiveness and fairness of resolution of remaining issues; (h) the impact individual proceedings may have upon one another, including whether remedies are undividable such that granting or not granting relief to any claimant as a practical matter determines the claims of others; and (i) the kind of evidence presented on the issue(s) certified and potentially presented on the remaining issues, including the risk subsequent triers of fact will need to reexamine evidence and findings from resolution of the common issue(s). *Id.* at 273.

ECFMG's argument that the Court should require Plaintiffs to satisfy Rule 23(b)(3)'s predominance requirement before turning to these factors parrots one of the camps that the Third Circuit acknowledged but refused to join in *Gates*. Because the Third Circuit rejected that view, this Court must do the same. Therefore, the Court will consider Rule 23(a) and then turn to the *Gates* factors in conducting its analysis. At each stage, the burden will remain on Plaintiffs to show by a preponderance of the evidence that the Court should certify a class.

## III.    ANALYSIS

### A.    Choice Of Law

Before tackling the question of class certification, the Court addresses the law that applies here. It does so because the parties spar about the applicable choice of law and ECFMG contends that multiple state laws might apply, thereby making class certification inappropriate. The Third Circuit has held that a "district court errs as a matter of law when it fails to resolve a genuine legal or factual dispute relevant to determining the requirements" for class certification. *Gates*, 655 F.3d at 270. Thus, the Court must resolve the parties' genuine legal dispute about the choice of law so that it can then answer the question of whether to certify a class.

A federal court sitting in diversity must apply the choice-of-law rules of the forum state, so Pennsylvania choice-of-law rules apply. *See Klaxon Co. v.*

9

*Stentor Mfg. Co.*, 313 U.S. 487, 496 (1941). Pennsylvania employs a flexible approach that considers both contacts establishing significant relationships with a state and a qualitative appraisal of the relevant states' policies with respect to the controversy. *See Garcia v. Plaza Oldsmobile Ltd.*, 421 F.3d 216, 219-20 (3d Cir. 2005); *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805-06 (1964). First, the court must determine whether an actual conflict exists between the laws of two or more states. Then, if an actual conflict exists, the court must determine whether the conflict is "true," "false," or "unprovided-for." *Rose v. Dowd*, 265 F. Supp.3d 525, 530 (E.D. Pa. 2017). No actual conflict exists if the laws between the states are the same or "if the same result would ensue under the laws of the forum state and those of the foreign jurisdiction." *Id.*; *see also Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007). If no conflict exists, the law of the forum state governs, and the court may end its choice-of-law analysis. *Id.*

Several states aside from Pennsylvania are implicated in this case: New Jersey, Maryland, and the District of Columbia, at a minimum. Other states might have some connection, but the parties have not identified them with any certainty, so the Court has not analyzed them. In any event, the Court concludes that those states' interests in the case would be far weaker than Pennsylvania's interest and that Pennsylvania law would therefore

10

apply. Not surprisingly, there is little, if any, variation between each state's law governing negligence and NIED.

The elements of negligence and negligent infliction of emotional distress are the same under Pennsylvania, New Jersey, and DC law. Even looking past the elements themselves, the Court discerns no real difference between them, and the parties have not identified any. Nor is there a conflict with Maryland law. While Maryland does not recognize NIED as a separate claim, "[r]ecovery may be had in a tort action for emotional distress arising out of negligent conduct." *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1066 (Md. Ct. Spec. App. 1986). So the same result would ensue under Maryland or Pennsylvania law. As such, there is no "actual" conflict between Maryland and Pennsylvania law, and Pennsylvania law applies.

Even if there were a true conflict between Pennsylvania law and any other state's law, the Court would apply Pennsylvania law to all of the claims in the case. The Court must apply the law of the state with the "most significant contacts or relationships with the particular issue." *Hammersmith*, 480 F.3d at 229-30. ECFMG suggests that Maryland has a greater interest because it involves treatment of Maryland residents by a fake doctor in Maryland. (ECF No. 40 at 19-20.) But this case is not about Igberase's conduct; it is about ECFMG's conduct. Under the circumstances of this case, Pennsylvania has a greater interest than Maryland, DC, New

11

Jersey, or any other state in determining what duties apply to its corporate citizen and whether that citizen has fulfilled those duties.

## B. Class Certification

### 1. Class definition/ascertainability

A plaintiff seeking certification of a class must provide a proper class definition. *See* Fed. R. Civ. P. 23(c)(1)(B); *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 591-92 (3d Cir. 2012). In addition, a plaintiff seeking certification of a class generally must prove that the certified class is ascertainable. *See Byrd v. Aaron's, Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). The ascertainability inquiry is twofold, requiring a plaintiff to show that "(1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* (quotes omitted). A plaintiff need not identify all of the class members at the time of the class certification. Instead, she only has to show that class members can be identified. *See id.* However, courts should shy away from methods that rely on potential class members' say-so. *See Carrera v. Bayer Corp.*, 725 F.3d 300, 306 (3d Cir. 2013).

Here, Plaintiffs ask the Court to certify a class that includes "all patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.)." (ECF No. 32-1 at 10.) ECFMG

12

complains that the class is not ascertainable because it captures patients that Igerbase encountered in Nigeria, before ECFMG certified him. At oral argument, Plaintiffs clarified that they intend the class to capture only patients that Igberase encountered after ECFMG certified his application. (Tr. at 9:5-10:5.)

ECFMG also contends that the class is not ascertainable because the phrase "examined and/or treated in any manner" is vague and would lead to confusion. The Court disagrees. The class definition is intended to capture any patient who received medical care or treatment from Igberase after ECFMG certified him. That phrase does not raise the type of questions that would require individual fact-finding or a subjective determination in order to identify class members.

Finally, ECFMG argues that there is no way to identify class members. Plaintiffs, however, point to medical records from the treating facilities and note that they have already used those records to identify more than 700 class members. (Tr. at 14:13-14:11.)  Those records, which Plaintiffs can obtain by subpoena after certification, provide the type of objective, administratively feasible mechanism required to identify class members. By obtaining the relevant records from Prince George's Hospital Center, Plaintiffs have satisfied their burden of demonstrating that the class is ascertainable; the Court is not just taking their word for it. ECFMG

13

speculates that Howard might not have records from the relevant time frames because records retention requirements would not require it. The possibility that some records might have been lost, however, does not render the class not ascertainable. *See Byrd,* 784 F.3d at 164 ("[A]scertainability only requires the plaintiff to show that class members *can be identified.* Accordingly, there is no records requirement.") (emphasis in original) (internal quotation omitted).

## 2. Rule 23(a) factors

Rule 23(a) sets forth four threshold requirements for all class actions: numerosity; commonality; typicality; and adequacy of representation. *See* Fed. R. Civ. P. 23(a). The Court addresses each requirement in turn.

### a. Numerosity

A plaintiff seeking certification must demonstrate that the class is so numerous that joinder of all members is impracticable. "[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *In re Modafanil Antitrust Litig.*, 837 F.3d 238, 249-50 (3d Cir. 2016) (citation omitted). Here, Plaintiffs have shown that the potential class includes at least the 712 people that Igberase treated at Prince George's Hospital Center. That number alone would render joinder all but impossible, and the class is more expansive than

14

that. Plaintiffs have therefore satisfied the numerosity requirement. Notably, ECFMG does not argue otherwise.

### b.   Commonality

Rule 23(a)(2) requires Plaintiffs to demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality does not require perfect identity of questions of law or fact among all class members. Rather, 'even a single common question will do.'" *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 486 (3d Cir. 2015) (quoting *Dukes*, 564 U.S. at 359). However, the common issue must be "central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. There can be legal and factual differences among members of the class, as long as the defendant subjected them all to the same harmful conduct. Ultimately, the commonality bar is not a high one. *See Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013).

Here, Plaintiffs have identified several common legal and factual questions that are central to the validity of their claims. In particular, questions about whether ECFMG owed a legal duty either to class members or hospitals and state medical boards, and questions about whether ECFMG breached those duties, are common to all members of the class. Plaintiffs

15

have therefore satisfied the commonality requirement.

ECFMG contends that questions about duty and breach are not common throughout the class because choice-of-law questions might result in different outcomes. Because the Court has already resolved the choice-of-law question, that argument has no impact. ECFMG also argues that determining whether a duty exists requires the Court to assess "the foreseeability of harm to a plaintiff in a particular situation." (Tr. of Hearing dated 1/30/20 at 47:19-48:2.) ECFMG's argument conflates "foreseeability" as it relates to a duty and "foreseeability" as it relates to causation. Although the concept is embedded in both inquiries, it is not the same.

"The type of foreseeability that determines a duty of care, as opposed to proximate cause, is not dependent on the foreseeability of a specific event. Instead, in the context of duty, the concept of foreseeability means the likelihood of the occurrence of a general type of risk rather than the likelihood of the occurrence of the precise chain of events leading to the injury." *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1369 (3d Cir. 1993) (internal quotations and citations omitted). Duty is predicated on the relationship existing between the parties at the relevant time, *i.e.*, the time that ECFMG certified Igberase to apply to a U.S. residency program and/or the time that it investigated (or failed to investigate) his identity fraud. *See, e.g.*, *Zanine v. Gallagher*, 497 A.2d 1332, 1334 (Pa. Super. Ct. 1985).

16

ECFMG's argument would leave open the possibility that a duty would not be fixed until after the fact because the circumstances that define the existence of a duty would not be known at the time that the defendant has to decide how to conduct itself. The law should not sanction such uncertainty. Parties are entitled to know the duties incumbent upon them when they decide how to conduct themselves, not later.

### c.   Typicality

The third requirement, typicality, is normally met where "claims of representative Plaintiffs arise from the same alleged wrongful conduct." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004); FRCP 23(a)(3). "Typicality" aids a court in determining whether "maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Marcus*, 687 F.3d at 594 (citation omitted).

To determine whether a named plaintiff is so different as to prevent a finding of typicality, a court must address three distinct concerns:  "(1) the claims of the class representative must be the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to

17

become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class." *Id.* at 598. The Third Circuit has set a "low threshold" for typicality, such that even "relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (quotes omitted).

Here, Plaintiffs' claims are typical of class members to the extent that the class members consist of Igberase's patients during and after his residency. All of the claims arise from the same legal theory: negligence. The claims also arise from a single course of conduct by ECFMG: the certification and subsequent (allegedly inadequate) investigation of his identity. ECFMG has not suggested any Plaintiff is subject to a unique defense. And nothing before the Court demonstrates that the Plaintiffs have incentives that are at odds with the class they seek to represent.

ECFMG notes that Igberase treated all of the Plaintiffs after entering private practice and obtaining his license and therefore suggests that Plaintiffs are not typical of patients that Igberase treated at Howard. That difference does not render Plaintiffs atypical, however. Patients treated

18

during and after residency all have claims based on the same course of ECFMG's conduct.

However, Plaintiffs' claims are not typical of class members to the extent that the class members consist of Igberase's patients at JSMC. Those patients can assert negligence claims based on ECFMG's initial certification of Akoda, but they cannot assert claims based on ECFMG's subsequent investigation because ECFMG did not conduct the investigation until after Igberase had treated those patients. Because the named Plaintiffs' claims are different from patients at JSMC in a meaningful way, the Court will exclude patients from JSMC from the class.

ECFMG also claims that Plaintiffs are not typical because they claim only to have suffered emotional damages, and some class members might have suffered physical harm at Igberase's hands as well. Again, these distinctions exist, but they do not overcome the fact that the Plaintiffs' claims arise from the same facts and legal theories as members of the class. To the extent any member of the class wants to assert additional claims against ECFMG based on other injuries that Igberase caused, she will have the opportunity to opt out of the class and assert those claims individually. And, nothing about the certification of a class in this case has any impact on a class member's ability to assert tort claims, including claims for other injuries, against Igberase himself.

19

### d. Adequacy

The final 23(a) factor considers adequacy of both the Plaintiffs and counsel to represent the class. The "principal purpose of the adequacy requirement is to determine whether the named plaintiffs have the ability and the incentive to vigorously represent the claims of the class." *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 393 (3d Cir. 2015). ECFMG does not challenge counsel's adequacy, and the Court finds that they have the requisite experience and skill necessary to represent the class.

As to the named Plaintiffs, the Court's inquiry focuses on whether the class representatives have conflicts of interest with the putative class members. *See New Directions Treatment Svcs. v. City of Reading*, 390 F.3d 313 (3d Cir. 2007). Only a "fundamental" conflict of interest will impact the adequacy analysis, meaning a conflict that arises because some class members benefitted from conduct that harmed other class members. *See Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012). No such conflict exists here. No member of the class benefitted from Igberase's deception or from ECFMG's conduct. The most that can be said is that some members of the class might not have suffered any emotional damage. But no one benefitted.

JA43

ECFMG contends that Plaintiffs are not adequate because they sought to represent a class in a different case about Igberase and ultimately dismissed that case without prejudice. The Court does not know why they made that decision. Nor, apparently, does ECFMG because its argument just speculates about whether they might do the same in this case. Without far more context, the Court has no basis to make any determination about Plaintiffs' commitment to this case based on a decision that they made in another case.

ECFMG also contends that, during their depositions, Plaintiffs did not understand what ECFMG does. Yet none of the Plaintiffs demonstrated a complete lack of knowledge of the case. They just showed confusion about some details. A class representative's lack of knowledge about her case does not make her inadequate, as long as she has "minimal knowledge about the case and [can] make the requisite decisions required of a plaintiff." *In re Suboxone Antitrust Litig.*, MDL No. 2445, 2019 WL 4735520, at * 22 (E.D. Pa. Sept. 27, 2019). Finally, ECFMG claims that some members of the class might not have suffered emotional distress. However, that does not render the Plaintiffs inadequate or suggest a conflict between any Plaintiff and the class she seeks to represent.

JA44

### 3.    Rule 23(c)(4)/*Gates* factors

Having determined that Plaintiffs can satisfy the Rule 23(a) factors, the Court turns to the question of whether to certify an issues class under Rule 23(c)(4). "Rule 23(c)(4) both imposes a duty on the court to insure that only those questions which are appropriate for class adjudication be certified, and gives it ample power to treat common things in common and to distinguish the distinguishable." *Gates*, 655 F.3d at 272. "Courts frequently use Rule 23(c)(4) to certify some elements of liability for class determination, while leaving other elements to individual adjudication." *Suboxone*, 2019 WL 4735520, at *40 (quote omitted). An issue class need not "seek to prove all of [the] required liability elements through common evidence." *Id.* at *44. Instead, the question is whether one can sever the issues to be certified from the issues not to be certified. *Id.* at * 45.

Here, any duty that applied to ECFMG and ECFMG's potential breach of that duty focus on ECFMG's conduct, not on any individual member of the class. On the other hand, questions about causation and any damages focus on each individual class member.

### a.    Option A (liability class)

Plaintiffs' claims for negligence and NIED require them to prove the four elements of negligence:  duty; breach; causation; and damages. *See Brewington for Brewington v. City of Phila.*, 199 A.3d 348, 355 (Pa. 2018);

JA45

*Phillips v. Cricket Lighters*, 841 A.2d 1000, 1010 (Pa. 2003). The Court cannot certify a class that encompasses elements of causation and damages because those issues are too individualized.

"[C]ausation . . . often require[s] individual proof." *Gates*, 655 F.3d at 264. Certainly, that is the case here. Indeed, it is all but impossible to separate questions of causation and harm from the individual damages that any plaintiff suffered. After all, prevailing on causation implies that a harm was indeed caused. *See, e.g.*, *Rowe v. E.I. Dupont De Nemours & Co.*, 262 F.R.D. 451, 465 (D.N.J. 2009) ("without a common injury, there can be no common causation, as there is nothing to cause.").

In Pennsylvania, courts use the "substantial factor" test to determine causation. *Ford v. Jeffries*, 379 A.2d 111, 114 (Pa. 1977) (citing to Restatement (Second) of Torts § 431). When evaluating whether negligent conduct is a substantial factor in causing the injury, courts consider the other factors that might contribute to the harm, the extent of the effect of those other factors, whether the actor's conduct created a force or series of forces which are continuous and active up to the time of the harm, or whether instead the actor created a situation harmless unless acted upon by other forces for which the actor is not responsible, and lapse of time between an actor's conduct and the harm. *See Hall v. Millersville Univ.*, 400 F. Supp. 3d 252, 273 (E.D. Pa. 2019) (citing Restatement (Second) of Torts § 433). These considerations render

23

causation a highly individualized inquiry, rather than common to all class members, and therefore disfavor certification of causation. *See, e.g., Barnes v. American Tobacco Co.*, 161 F.3d 127, 145 (3d Cir. 1998) (issues of causation had to be resolved individually); *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 626 (3d Cir. 1996), *aff'd sub nom. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

Given the individual nature of the causation and damages inquiry, the Court will not certify a class to tackle liability as a whole. There would be little efficiency to be gained from such a certification because the evidence in the class action portion of the case would overlap with the evidence in the individual portion of the case. Presenting the evidence twice would eliminate any efficiency. Also, a jury hearing the class action part of the case would have to hear and consider the same evidence as the jury (or juries) hearing the individual part of the case: whether Igberase's ability to pose as a doctor caused emotional harm and the extent of that harm. Because two juries would be hearing the same evidence, there would be a substantial risk (if not a certainty) of violating the Seventh Amendment's Reexamination Clause. *See In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144 (3d Cir. 1182) ("Seventh Amendment problems are inherent when separate juries determine fact of damage and the amount of damages.").

At the hearing, Plaintiffs argue that the Court can draw a distinction between harm, meaning "an invasion of a legally protected interest," and damages when considering the elements of negligence and then certify the liability elements. (Tr. at 32:21-34:5.) Plaintiffs' argument, however, suggests that an improper touching would be negligent, even if it did not cause any damages. That is wrong. A plaintiff cannot prove a negligence claim without proving damage, even if there was some invasion of a legally protected interest. *See Troutman v. Tabb*, 427 A.2d 673, 677 (Pa. Super. Ct. 1981).

### b.    Option B (specific issues)

Having rejected Option A, the Court turns to Plaintiffs' Option B, the certification of nine specific issues. Of the issues that Plaintiffs propose, the Court will not certify the Damages Issues for the reasons discussed above. In addition, Plaintiffs ask the Court to certify a class to answer the question of whether ECFMG faces liability for assisting Igberase in committing fraud, but that is not one of the claims in the case, a fact that Plaintiffs confirmed at oral argument. (Tr. at 7:12-8:24.) Because that question is not at issue in this case, the Court will not certify it.

The remaining issues, however, all relate to whether ECFMG had a relevant legal duty and whether it breached that duty. An analysis of the *Gates* factors reinforces that these issues are appropriate for certification. *First*, the questions of duty and breach favor issue certification because they

JA48

are questions of law and/or fact common to all class members and subject to common proof. All of the proposed class members are identical in terms of their legal relationship to ECFMG. In other words, barring any exceptional circumstances, which neither party has raised, whatever duty (if any) ECFMG owes to one proposed class member, ECFMG owes the same duty (if any) to the next proposed class member. Moreover, whether ECFMG has breached this duty is a common question of fact for each prospective class member, as the question looks to ECFMG's own conduct and not the conduct of individual class members. As such, these types of issue are amenable to certification.

Second, there are efficiencies to be gained by certifying a class on these issues because it will allow for a single trial with a single, preclusive determination about ECFMG's conduct, rather than the presentation of the same evidence about ECFMG again, and again, and again to separate juries. Moreover, there do not appear to be any realistic procedural alternatives to gain similar efficiencies. For example, the Court has considered whether non-mutual collateral estoppel might have all, or at least some, of the same impact and permit trial of these issues to a single jury. It would not because there is no guarantee it would apply. Indeed, if a court or jury ruled in ECFMG's favor, ECFMG could not use that decision in a subsequent case against a different plaintiff. *See Jean Alexander Cosmetics, Inc. v L'Oreal*

JA49

*USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (application of collateral estoppel requires, among other things, the party being precluded to have been represented in prior case). The Court explored other alternatives with the parties but found none.

*Third*, and finally, certification of a class on issues related to duty and breach will not trigger any of the problems about which courts must be mindful under *Gates*. Partial certification will not damage any class member's statutory or constitutional rights. There are no indivisible remedies that partial certification could impact. The individual proceedings that will remain, which will focus on causation and damages, need not impact each other. And, partial certification does not raise problems under the Seventh Amendment because the jury in any individual proceeding will not have to reexamine any of the evidence about ECFMG's conduct. It will instead take that conduct, and the first jury's determination about its legal significance, as a given and decide whether and to what extent it impacted a particular plaintiff.

In its Opposition, ECFMG points to the possibility of a statute-of-limitations defense as a reason for the Court not to certify an issues class. However, at oral argument, ECFMG conceded that it has no basis to claim that any member of the class is subject to such a defense. ECFMG just speculates that someone **might** be subject to the defense. (Tr. at 61:23-62:22.)

27

Such speculation is not enough. In any event, any statute of limitations defense would focus on when a class member was aware of the harm she suffered. So, if any class member's personal situation triggers the statute of limitations, then ECFMG can raise that issue in a proceeding that focuses on that person.

## IV. CONCLUSION

The Court's goal is to move this case efficiently, treating like things alike and different things differently. Here, that means certifying a class of Igberase's patients, beginning with his enrollment at Howard, on the issues of whether ECFMG owed class members or relevant third parties a duty and whether ECFMG breached those duties. The Court will therefore issue an appropriate Order, consistent with Rule 23(c)(1), certifying such a class.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 23, 2020

28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS, on behalf of themselves and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**<br><br>*Defendant.* | **Case No. 2:18-cv-05629-JDW** |

## <u>ORDER</u>

AND NOW, this 23rd day of March, 2020, upon consideration of Plaintiff's Motion for Class Certification (ECF No. 32), all material submitted in support and opposition, and following oral argument, for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(c)(1)(B) the Court certifies the following class: "All patients examined or treated in any manner by Oluwafemi Charles Igberase (a/ka Charles J.

Akoda) beginning with his enrollment in a postgraduate medical education program at Howard University in 2007."

It is **FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(c)(4), the Court certifies the class with respect to the following issues:  (1) whether Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") undertook or otherwise owed a duty to class members; (2) whether ECFMG undertook or otherwise owed a duty to hospitals and state medical boards, such that ECFMG may be held liable to class members pursuant to Restatement (Second) of Torts § 324A; (3) whether ECFMG breached any duty that it owed to class members; and (4) whether ECFMG breached any duty that it owed to hospitals and state medical boards.

It is **FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(g)(1), the Court appoints the following class counsel:  Conrad O'Brien PC; The Cochran Firm; Janet Janet & Suggs LLC; Law Offices of Peter Angelos, P. C.; and Schochor Federico & Staton, PA.

It is **FURTHER ORDERED** that the Court will hold a status call with the Parties on March 31, 2020, at 10:00 a. m. EDT. Plaintiffs' counsel shall initiate the call and contact chambers at (267) 299-7320 when all counsel are on the line.

JA53

BY THE COURT:

*/s/ Joshua D.  Wolson*
JOSHUA D.  WOLSON, J.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CCO-065

No. <u>20-8024</u>

MONIQUE RUSSELL; JASMINE RIGGINS;
ELSA M. POWELL; DESIRE EVANS

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
Petitioner

(E.D. Pa. No. 2-18-cv-05629)

Present:  JORDAN, KRAUSE, and MATEY, <u>Circuit Judges</u>

1.  Petition by Educational Commission for Foreign Medical Graduates for Leave to Appeal Pursuant to Fed. R. Civ. P. 23(f)

2.  Respondents' Response in Opposition

3.  Petitioner's Unopposed Motion for Leave to File Reply in Support of Petition, with Reply Attached

Respectfully,
Clerk/CJG

_____ORDER_____
        The foregoing petition for leave to appeal is granted, and the foregoing unopposed motion for leave to file reply is granted.

By the Court,

<u>s/ Cheryl Ann Krause</u>
Circuit Judge

Dated: May 11, 2020
Lmr/cc: All Counsel of Record

A True Copy:

Patricia A. Dodszuweit

Patricia S. Dodszuweit, Clerk

JA55

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## NOTICE

## GRANT OF PERMISSION FOR LEAVE TO APPEAL

The Court of Appeals has granted a petition for leave to appeal in this matter.

The $505.00 docketing and filing fee must be paid in the district court within 14 days after the entry of the order granting permission for leave to appeal, unless the petitioner is the United States government. Fed. R. App. P. 5. In addition, a cost bond must be filed if one is required under Fed. R. App. P. 7.

A notice of appeal does not need to be filed as a copy of the Court's order granting permission for leave to appeal which has been forwarded to the district court will serve as the notice of appeal.

The entry date of the order granting permission to appeal serves as the date of the filing of the notice of appeal for calculating time under the Federal Rules of Appellate Procedure. **Petitioner should notify the Court of Appeals in writing that the filing fee has been paid.**

Upon receipt of the notice from petitioner, the appeal will be opened on the general docket. All future filings regarding the appeal will be entered under the new docket number.

Very truly yours,
Patricia S. Dodszuweit, Clerk


By: s/Laurie
Case Manager
267-299-4936

cc: Nicholas M. CentrellaEsq.
Brent P. CeryesEsq.
Danielle S. DinsmoreEsq.
Philip C. FedericoEsq.
Matthew D. KlaymanEsq.
William R. PetersonEsq.
Benjamin O. PresentEsq.
Jonathan SchochorEsq.
Brian W. ShafferEsq.
Patrick A. ThronsonEsq.
Paul M. VettoriEsq.
Cory L. ZajdelEsq.

JA56

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

---

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Russell v. Educational Commission for Foreign Medical Graduates

USCA NO.: 22-1998

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the Eastern District of Pennsylvania  No. 2:18-cv-05629

NAME OF JUDGE: Hon. Joshua D. Wolson

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

This is an appeal of a putative class action for tort damages for emotional harm. Plaintiffs are four individuals representing a putative class of approximately 1,000 women. Defendant is Educational Commission for Foreign Medical Graduates. Plaintiffs maintain two causes of action, for negligence and negligent infliction of emotional distress. This appeal is taken from an order from the United States District Court for the Eastern District of Pennsylvania granting Defendant's motion for summary judgment on the claims of the four named plaintiffs.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Plaintiffs allege that Defendant negligently certified an individual as eligible to enter residency programs in the United States, despite knowing he was an imposter and had fraudulently represented his identity and credentials. That individual, Oluwafemi Igberase, went on to sexually harass, sexually assault, and otherwise inappropriately touch hundreds of women under the guise of providing obstetrical care as "Dr. Akoda."

Plaintiffs filed suit in 2019. The parties engaged in extensive discovery. In 2020, the district court granted Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23(c)(4), on issues of duty and breach. The Third Circuit granted Defendant's petition for interlocutory appeal pursuant to Rule 23(f). Its opinion agreed with the substance of the district court's analysis, but vacated and remanded the action to the district court for failure to conduct a rigorous analysis as to class certification. The Supreme Court denied Defendant's petition for a writ of certiorari.

After remand, Defendant filed a motion for summary judgment on the claims of the named Plaintiffs. The district court granted the motion, finding that Plaintiffs' claims could not satisfy the element of proximate cause as a matter of law, and their cause of action for negligent infliction of emotional distress claim could not satisfy the requisite criteria to proceed under Pennsylvania law.

Identify the issues to be raised on appeal:

1.   Whether Plaintiffs cannot recover for negligent infliction of emotional distress as a matter of law, regardless of the evidence presented to the jury.

2.   Whether a reasonable juror could find that ECFMG's conduct was a proximate cause of injury to Plaintiffs, where record evidence indicates that, despite knowing that Igberase was an imposter, (1) ECFMG certified Igberase as eligible to enter a residency program and facilitated his applications to residency programs, and (2) ECFMG repeatedly represented to residency programs, state medical boards and hospitals that Igberase was appropriately certified, and knew those entities would rely on its representations.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this ___2nd___ day of ___June___,20__22__.

_____
Signature of Counsel

Rev. 07/2015

CLOSED,APPEAL,SPECIAL

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:18-cv-05629-JDW

RUSSELL et al v. EDUCATIONAL
COMMISSION FOR FOREIGN MEDICAL
GRADUATES
Assigned to: DISTRICT JUDGE JOSHUA D.
WOLSON
Referred to: MAGISTRATE JUDGE RICHARD A.
LLORET (Settlement)
Case in other court:  USCA, 20-02128
                  USCA, 20-08024
                  USCA, 22-01998
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/31/2018
Date Terminated: 05/19/2022
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**MONIQUE RUSSELL**  represented by  **CORY L. ZAJDEL**
Z LAW LLC
2345 YORK ROAD SUITE #B-13
TIMONIUM, MD 21093
4432131977
Email: clz@zlawmaryland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN SCHOCHOR**
SCHOCHOR FEDERICO &
STATON, PA
THE PAULTON
1211 ST. PAUL STREET
BALTIMORE, MD 21202
410-234-1000
Email: jschochor@sfspa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS M. CENTRELLA**
CONRAD O'BRIEN
1500 MARKET ST., CENTRE
SQUARE
WEST TOWER 39TH FLOOR
PHILADELPHIA, PA 19102
215-864-8098
Fax: 215-864-0798
Email: ncentrella@conradobrien.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHILIP C. FEDERICO**
SCHOCHOR FEDERICO &
STATON PA
1211 ST PAUL ST
BALTIMORE, MD 21202
410-234-1000

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BENJAMIN OSCAR PRESENT**
KLINE & SPECTER, PC
1525 LOCUST STREET
19TH FLOOR
PHILADELPHIA, PA 19102
(215) 772-2479
Email:
benjamin.present@klinespecter.com
*TERMINATED: 01/24/2020*

**BRENT P. CERYES**
SCHOCHOR FEDERICO &
STATION PA
1211 ST PAUL STREET
BALTIMORE, MD 21202
410-598-1667
Email: bceryes@sfspa.com
*ATTORNEY TO BE NOTICED*

**DANIELLE S. DINSMORE**
LAW OFFICES OF PETER
ANGELOS
ONE CHARLES CENTER
100 N. CHARLES STREET
BALTIMORE, MD 21201
410-649-2020
Email: ddinsmore@lawpga.com
*ATTORNEY TO BE NOTICED*

**DAVID E. HAYNES**
The Cochran Firm, DC, PLLC
1666 K Street, NW
Suite 1150
Washington, DC 20006
202-682-5800
Fax: 202-408-8851
Email: dhaynes@cochranfirm.com
*ATTORNEY TO BE NOTICED*

**KAREN E. EVANS**
THE COCHRAN FIRM
1666 K STREET NW
SUITE 1150
WASHINGTON, DC 20006
202-682-5800
Email: kevans@cochranfirm.com
*ATTORNEY TO BE NOTICED*

**PATRICK A. THRONSON**
JANET JANET & SUGGS LLC
4 RESERVOIR CIRCLE SUITE 200
BALTIMORE, MD 21208
410-653-3200
Email: pthronson@jjsjustice.com
*ATTORNEY TO BE NOTICED*

**PAUL M. VETTORI**

LAW OFFICE PETER G ANGELOS
PC
ONE CHARLES CENTER
100 N CHARLES ST 20TH FL
BALTIMORE, MD 21201
410-649-2027
Email: pvettori@lawpga.com
*ATTORNEY TO BE NOTICED*

**ROBIN S. WEISS**
CONRAD O'BRIEN PC
1500 MARKET ST SUITE 3900
CENTRE SQUARE WEST TOWER
PHILADELPHIA, PA 19102
215-864-9600
Email: rweiss@conradobrien.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **JASMINE RIGGINS** | represented by | **CORY L. ZAJDEL**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**JONATHAN SCHOCHOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS M. CENTRELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHILIP C. FEDERICO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BENJAMIN OSCAR PRESENT**
(See above for address)
*TERMINATED: 01/24/2020*

**BRENT P. CERYES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DANIELLE S. DINSMORE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID E. HAYNES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KAREN E. EVANS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PATRICK A. THRONSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PAUL M. VETTORI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ROBIN S. WEISS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**ELSA M. POWELL**          represented by          **CORY L. ZAJDEL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN SCHOCHOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS M. CENTRELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHILIP C. FEDERICO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BENJAMIN OSCAR PRESENT**
(See above for address)
*TERMINATED: 01/24/2020*

**BRENT P. CERYES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DANIELLE S. DINSMORE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID E. HAYNES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KAREN E. EVANS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PATRICK A. THRONSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PAUL M. VETTORI**
(See above for address)

JA62

*ATTORNEY TO BE NOTICED*

**ROBIN S. WEISS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DESIRE EVANS**                    represented by    **CORY L. ZAJDEL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN SCHOCHOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS M. CENTRELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHILIP C. FEDERICO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BENJAMIN OSCAR PRESENT**
(See above for address)
*TERMINATED: 01/24/2020*

**BRENT P. CERYES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DANIELLE S. DINSMORE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID E. HAYNES**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KAREN E. EVANS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PATRICK A. THRONSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PAUL M. VETTORI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ROBIN S. WEISS**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA63

V.

**Defendant**

| | |
|---|---|
| **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES** | represented by **BRIAN W. SHAFFER**<br>MORGAN, LEWIS & BOCKIUS<br>1701 MARKET STREET<br>PHILA, PA 19103-2921<br>215-963-5000<br>Fax: 215-963-5001<br>Email: bshaffer@morganlewis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**WILLIAM R. PETERSON**<br>MORGAN, LEWSI, & BOCKIUS LLP<br>1000 LOUISIANA ST.,<br>STE. 4000<br>HOUSTON, TX 77002-5048<br>713-890-5000<br>Fax: 713-890-5001<br>Email: william.peterson@morganlewis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**ELISA P. MCENROE**<br>MORGAN LEWIS BOCKIUS LLP<br>1701 MARKET ST<br>PHILADELPHIA, PA 19103-2921<br>215-963-5917<br>Email: emcenroe@morganlewis.com<br>*ATTORNEY TO BE NOTICED*<br><br>**MATTHEW DANIEL KLAYMAN**<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 MARKET STREET<br>PHILADELPHIA, PA 19103<br>215-963-5000<br>Fax: 215-963-5001<br>Email: matthew.klayman@morganlewis.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/31/2018 | 1 | NOTICE OF REMOVAL by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES from Common Pleas Philadelphia, case number 181101690. Certificate of Service. (Filing fee $ 400 receipt number 190333)(jwl, ) (Entered: 01/03/2019) |
| 12/31/2018 | 2 | Disclosure Statement Form pursuant to FRCP 7.1 by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.(jwl, ) (Entered: 01/03/2019) |
| 01/07/2019 | 3 | STIPULATION AND ORDER THAT THE DEADLINE FOR EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES TO ANSWER OR RESPOND TO PLAINTIFF'S |

| | | |
|---|---|---|
| | | COMPLAINT IS EXTENDED TO 2/6/2019. SIGNED BY HONORABLE WENDY BEETLESTONE ON 1/7/2019. 1/7/2019 ENTERED AND COPIES E-MAILED.(sg, ) (Entered: 01/07/2019) |
| 01/10/2019 | 4 | NOTICE OF CONFERENCE: PRETRIAL CONFERENCE SET FOR 2/25/2019 05:00 PM IN JUDGE CHAMBERS BEFORE HONORABLE WENDY BEETLESTONE. (Attachments: # 1 Electronic Discovery Order, # 2 Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan)(amw, ) (Entered: 01/10/2019) |
| 01/10/2019 | 5 | NOTICE of Appearance by ELISA P. MCENROE on behalf of EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES with Certificate of Service(MCENROE, ELISA) (Entered: 01/10/2019) |
| 02/04/2019 | 6 | Original Record together with certified copy of docket entries received from Court of Common Pleas of Philadelphia County. (sg, ) (Entered: 02/04/2019) |
| 02/06/2019 | 7 | ANSWER to Complaint *and Affirmative Defenses* by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.(SHAFFER, BRIAN) (Entered: 02/06/2019) |
| 02/18/2019 | 8 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358148.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 9 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358167.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 10 | MOTION for Pro Hac Vice , MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358169.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 11 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358171.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 12 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358172.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 13 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13358173.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Certificate of Service.(PRESENT, BENJAMIN) (Entered: 02/18/2019) |
| 02/18/2019 | 14 | Report Of *Rule 26(f) Meeting* by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (PRESENT, BENJAMIN) (Entered: 02/18/2019) |

| 02/21/2019 | 15 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR BRENT P. CERYES, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED.ECF APP MAILED.(sg, ) (Entered: 02/22/2019) |
|---|---|---|
| 02/21/2019 | 16 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR DANIELLE S. DINSMORE, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED. (sg, ) (Entered: 02/22/2019) |
| 02/21/2019 | 17 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR JONATHAN SCHOCHOR, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED.ECF APP MAILED.(sg, ) (Entered: 02/22/2019) |
| 02/21/2019 | 18 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR KAREN E. EVANS, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED.ECF APP MAILED.(sg, ) (Entered: 02/22/2019) |
| 02/21/2019 | 19 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR PATRICK A. THRONSON, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED.ECF APP MAILED.(sg, ) (Entered: 02/22/2019) |
| 02/21/2019 | 20 | ORDER THAT THE APPLICATION FOR PRO HAC VICE FOR PAUL M. VETTORI, ESQUIRE FOR PLAINTIFFS IS GRANTED. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/21/2019.2/22/2019 ENTERED AND COPIES MAILED AND E-MAILED.ECF APP MAILED.(sg, ) (Entered: 02/22/2019) |
| 02/26/2019 | 21 | SCHEDULING ORDER: DISCOVERY DUE BY 7/10/2019. DAUBERT MOTIONS DUE BY 11/2/2019. MOTION FOR SUMMARY JUDGMENT DUE BY 11/2/2019. ETC.. SIGNED BY HONORABLE WENDY BEETLESTONE ON 2/26/2019. 2/27/2019 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) *VACATED PER ORDER 26 FILED 7/9/19* Modified on 7/11/2019 (lisad, ). (Entered: 02/27/2019) |
| 03/01/2019 | 22 | NOTICE of Hearing:A settlement conference will be held on July 24, 2019 at 2:00 p.m., before the Honorable Richard A. Lloret, United States Magistrate Judge. Please report to the James A. Byrne U.S. Courthouse, 601 Market Street, Room 4006 (Chambers), Philadelphia, PA 19106 for the assigned courtroom. A status telephone call will be held on July 11, 2019 at 2:00 p.m. Plaintiffs counsel shall initiate the call to chambers (267-299-7410) once all defense counsel are on the line.(smcc) (Entered: 03/01/2019) |
| 06/03/2019 | 23 | STIPULATION AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AS |

| | | |
|---|---|---|
| | | OUTLINED HEREIN. SIGNED BY HONORABLE WENDY BEETLESTONE ON 6/3/2019. 6/4/2019 ENTERED AND COPIES E-MAILED.(sg, ) (Entered: 06/04/2019) |
| 06/26/2019 | 24 | ORDER THAT THIS CASE IS REASSIGNED FROM HONORABLE WENDY BEETLESTONE TO HONORABLE JOSHUA D. WOLSON FOR ALL FURTHER PROCEEDINGS. SIGNED BY CLERK OF COURT KATE BARKMAN, CLERK OF COURT ON 6/25/2019. 6/26/2019 ENTERED AND COPIES E-MAILED.(sg, ) (Entered: 06/26/2019) |
| 07/09/2019 | 25 | Minute Entry for proceedings held before HONORABLE JOSHUA D. WOLSON Telephone Status Conference held on 7/8/2019. (sg, ) Modified on 7/10/2019 (lisad, ). (Entered: 07/09/2019) |
| 07/09/2019 | 26 | MODIFIED SCHEDULING ORDER: DISCOVERY DUE BY 9/23/2019. MOTIONS FOR CLASS CERTIFICATION DUE BY 10/7/2019. MOTION FOR SUMMARY JUDGMENT DUE BY 1/13/2020. ETC.. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 7/9/2019. 7/10/2019 ENTERED AND COPIES E-MAILED.(sg, ) (Entered: 07/10/2019) |
| 07/22/2019 | 27 | APPLICATION for Admission Pro Hac Vice of Phillip C. Federico by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.. (PRESENT, BENJAMIN) FILING FEE PAID, RECEIPT No.: 200918. Modified on 7/25/2019 (sg, ). (Entered: 07/22/2019) |
| 07/23/2019 | 28 | ORDER THAT THE APPLICATION FOR PRO HAC VICE OF ATTORNEY PHILIP C. FEDERICO IS GRANTED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 7/23/2019. 7/23/2019 ENTERED AND COPIES MAILED AND E-MAILED. ECF APP MAILED.(sg, ) (Entered: 07/23/2019) |
| 08/01/2019 | 29 | APPLICATION for Admission Pro Hac Vice of Cory L. Zajdel by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.. (PRESENT, BENJAMIN) (Filing fee paid on 8/1/19) Modified on 8/2/2019 (kw, ). (Entered: 08/01/2019) |
| 08/02/2019 | 30 | ORDER THAT THE APPLICATION OF CORY L. ZAJDEL, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 8/2/19. 8/5/19 ENTERED AND COPIES MAILED AND E-MAILED.(mbh, ) (Entered: 08/05/2019) |
| 08/14/2019 | 31 | NOTICE of Hearing:The settlement conference that was scheduled for July 24, 2019 will now be held on October 17, 2019 at 2:00 p.m., before the Honorable Richard A. Lloret, United States Magistrate Judge. Please report to the James A. Byrne U.S. Courthouse, 601 Market Street, Room 4006 (Chambers), Philadelphia, PA 19106 for the assigned courtroom. A status telephone call will be held on October 9, 2019 at 10:30 a.m. Plaintiffs counsel shall initiate the call to chambers (267-299-7410) once all defense counsel are on the line.(smcc) (Entered: 08/14/2019) |
| 10/07/2019 | 32 | MOTION to Certify Class filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Memorandum, Certificate of Service. (Attachments: |

JA67

| | | |
|---|---|---|
| | | # 1 Memorandum of Law in Support of Class Certification, # 2 Certificate of Serivce, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45)(CENTRELLA, NICHOLAS) (Entered: 10/07/2019) |
| 10/08/2019 | 33 | Exhibit 39 to 32 Motion to Certify Class BY DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (CENTRELLA, NICHOLAS) (Entered: 10/08/2019) |
| 10/09/2019 | 34 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET Pretrial Conference held on 10/9/2019. (sg, ) (Entered: 10/09/2019) |
| 10/17/2019 | 35 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET Pretrial Conference held on 10/16/19. (rf, ) (Entered: 10/17/2019) |
| 10/21/2019 | 36 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET Settlement Conference held on 10/17/2019. (sg, ) (Entered: 10/21/2019) |
| 10/23/2019 | 37 | ORDER THAT UPON CONSIDERATION OF THE PARTIES REQUEST FOR EXTENSION OF TIME, THE REMAINING DEADLINES IN THE OPERATIVE SCHEDULING ORDER (ECF NO. 26 ) ARE HEREBY VACATED. IT IS ORDERED AS FOLLOWS: 1. RESPONSES TO CLASS CERTIFICATION ARE DUE BY OCTOBER 28, 2019, AND ANY REPLY IN SUPPORT OF CLASS CERTIFICATION IS DUE BY NOVEMBER 11, 2019; 2. DEPOSITIONS OF EXPERT WITNESSES SHALL BE COMPLETED BY DECEMBER 20, 2019; AND 3. MOTIONS FOR SUMMARY JUDGMENT, IF ANY, SHALL BE FILED BY JANUARY 13, 2020. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 10/22/2019. 10/23/2019 ENTERED AND COPIES MAILED, E-MAILED. (nd, ) Modified on 10/23/2019 (nd, ). (Entered: 10/23/2019) |
| 10/28/2019 | 38 | MOTION to Seal *(Unopposed)* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Certificate of Uncontested Motion and Certificate of Service. (Attachments: # 1 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 10/28/2019) |
| 10/28/2019 | 39 | RESPONSE in Opposition re 32 MOTION to Certify Class *with Certificate of Service* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11 (Under Seal), # 12 Exhibit 12 (Under Seal), # 13 Exhibit 13 (Under Seal), # 14 Exhibit 14 (Under Seal), # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18 (Under Seal), # 19 Exhibit 19 (Under Seal), # 20 Exhibit 20 (Under Seal), # 21 Exhibit 21 (Under Seal), # 22 |

| | | |
|---|---|---|
| | | Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25 (Under Seal), # 26 Exhibit 26 (Under Seal), # 27 Exhibit 27 (Under Seal), # 28 Exhibit 28 (Under Seal), # 29 Exhibit 29 (Under Seal), # 30 Exhibit 30 (Under Seal), # 31 Exhibit 31 (Under Seal), # 32 Exhibit 32 (Under Seal), # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36 (Under Seal), # 37 Exhibit 37 (Under Seal), # 38 Exhibit 38, # 39 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 10/28/2019) |
| 10/28/2019 | 40 | DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, PROPOSED ORDER, CERTIFICATE OF SERVICE & SELECT EXHIBITS, filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (FILED UNDER SEAL.) (sg, ) (Additional attachment(s) added on 10/29/2019: # 1 Sealed Document, # 2 Sealed Document, # 3 Sealed Document, # 4 Sealed Document, # 5 Sealed Document, # 6 Sealed Document, # 7 Sealed Document, # 8 Sealed Document, # 9 Sealed Document, # 10 Sealed Document, # 11 Sealed Document, # 12 Sealed Document, # 13 Sealed Document, # 14 Sealed Document, # 15 Sealed Document, # 16 Sealed Document, # 17 Sealed Document, # 18 Sealed Document, # 19 Sealed Document) (lisad, ). Modified on 10/29/2019 (lisad, ). (Entered: 10/29/2019) |
| 10/29/2019 | 41 | MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number 0313-13891713.) filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.. (PRESENT, BENJAMIN) (Entered: 10/29/2019) |
| 10/29/2019 | 42 | ORDERED THAT THE APPLICATION OF DAVID E. HAYNES, ESQUIRE FOR ADMISSION PRO HAC VICE IS GRANTED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 10/29/2019.10/30/2019 ENTERED AND COPIES MAILED AND E-MAILED. ECF APP MAILED.(sg, ) (Entered: 10/30/2019) |
| 10/31/2019 | 43 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET Settlement Conference held on 10/30/2019. (sg, ) (Entered: 10/31/2019) |
| 10/31/2019 | 44 | ORDERED THAT, ON OR BEFORE 11/6/2019 DEFENDANT SHALL EITHER (a) FILE ON THE PUBLIC DOCKET REDACTED VERSIONS OF THE EXHIBITS THAT ARE THE SUBJECT OF THE MOTION TO SEAL, REDACTING ONLY THE INFORMATION THAT THE PARTIES CLAIM SHOULD BE PROTECTED, OR (b) FILE A STATEMENT THAT A PARTICULAR EXHIBIT CONTAINS SUCH INFORMATION IN ITS ENTIRETY AND CANNOT BE REDACATED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 10/30/2019. 11/1/2019 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 11/01/2019) |
| 11/04/2019 | 45 | ORDERED THAT PLAINTIFF'S REQUEST TO EXCEED THE APPLICABLE PAGE LIMIT IS GRANTED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 11/4/2019. 11/5/2019 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 11/05/2019) |
| 11/06/2019 | 46 | Supplement by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES re 38 MOTION to Seal *(Unopposed)* (Attachments: # 1 Exhibit 11 (Redacted), # 2 |

JA69

| | | |
|---|---|---|
| | | Exhibit 12 (Redacted), # 3 Exhibit 13 (Redacted), # 4 Exhibit 14 (Redacted), # 5 Exhibit 18 (Redacted), # 6 Exhibit 19 (Unredacted), # 7 Exhibit 20 (Unredacted), # 8 Exhibit 21 (Redacted), # 9 Exhibit 25 (Redacted), # 10 Exhibit 26 (Redacted), # 11 Exhibit 27 (Redacted), # 12 Exhibit 28 (Redacted), # 13 Exhibit 29 (Redacted), # 14 Exhibit 30 (Redacted), # 15 Exhibit 31 (Redacted), # 16 Exhibit 32 (Redacted))(SHAFFER, BRIAN) Modified on 11/7/2019 (lisad, ). (Entered: 11/06/2019) |
| 11/11/2019 | 47 | REPLY Memorandum of Law in Support re 32 MOTION to Certify Class filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. Certificate of Service. (Attachments: # 1 Exhibit Exhibits 1-3)(PRESENT, BENJAMIN) Modified on 11/12/2019 (lisad, ). (Entered: 11/11/2019) |
| 11/18/2019 | 48 | SUR-REPLY in Opposition re 32 MOTION to Certify Class *Sur-reply in Opposition with Certificate of Service* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (SHAFFER, BRIAN) Modified on 11/19/2019 (lisad, ). (Entered: 11/18/2019) |
| 11/19/2019 | 49 | ORDERED THAT MOTION TO SEAL DOCUMENTS CONTAINING PRIVATE INFORMATION (DOC. 38 ) IS GRANTED IN PART AND DENIED IN PART. IT IS FURTHERED ORDERED THAT NO LATER THAN 11/26/2019. DEFENDANT SHALL REFILE EXHIBITS 11, 12, 13, 14, 18, 25, 27, AND 30 WITH REDACTIONS THAT CONFORM WITH THE COURT'S FINDINGS AS OUTLINED ABOVE. IT IS FURTHER ORDERED THAT, NO LATER THAN 11/26/2019, DEFENDANT SHALL FILE A NEW, REDACTED VERSION OF EXHIBIT 25, THE PAGES OF WHICH CORRESPOND TO THE VERSION OF EXHIBIT 25 THAT DEFENDANT SUBMITTED UNDER SEAL. IT IS FURTHER ORDERED THAT, NO LATER THAN 11/26/2019, DEFENDANT SHALL FILE ON THE PUBLIC DOCKET REDACTED VERSIONS OF EXHIBITS 36 AND 37, REDACTING ONLY THE PERSONAL, CONFIDENTIAL INFORMATION THAT THE PARTIES PROPOSE TO MAINTAIN UNDER SEAL. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 11/19/2019.11/20/2019 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 11/20/2019) |
| 11/26/2019 | 50 | NOTICE by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES re 49 Order on Motion to Seal,,, *Second Supplement to Defendant's Unopposed Motion to Seal with Certificate of Service* (Attachments: # 1 Exhibit 11 (Redacted), # 2 Exhibit 12 (Redacted), # 3 Exhibit 13 (Redacted), # 4 Exhibit 14 (Redacted), # 5 Exhibit 18 (Redacted), # 6 Exhibit 25 (Redacted), # 7 Exhibit 27 (Redacted), # 8 Exhibit 30 (Redacted), # 9 Exhibit 36 (Redacted), # 10 Exhibit 37 (Redacted))(SHAFFER, BRIAN) (Entered: 11/26/2019) |
| 11/27/2019 | 51 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET Pretrial Conference held on 11/27/2019. (sg, ) (Entered: 11/29/2019) |
| 12/30/2019 | 52 | ORDER THAT COUNSEL FOR THE PARTIES SHALL APPEAR FOR A HEARING ON PLAINTIFFS' MOTION FOR |

| | | |
|---|---|---|
| | | CLASS CERTIFICATION (ECF 32) ON JANUARY 30, 2020 AT 2:00 PM IN COURTROOM 3B, BEFORE HONORABLE JOSHUA D. WOLSON. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 12/30/19. 12/30/19 ENTERED AND E-MAILED.(ja,) (Entered: 12/30/2019) |
| 01/03/2020 | 53 | NOTICE of Appearance by MATTHEW DANIEL KLAYMAN on behalf of EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES with Certificate of Service(KLAYMAN, MATTHEW) (Entered: 01/03/2020) |
| 01/09/2020 | 54 | ORDER THAT ALL MOTIONS FOR SUMMARY JUDGMENT AND/OR DAUBERT MOTIONS SHALL BE FILED NO LATER THAN THIRTY (30) DAYS AFTER THE COURT'S RULING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION 32 . SIGNED BY HONORABLE JOSHUA D. WOLSON ON 1/9/20. 1/10/20 ENTERED AND COPIES MAILED & E-MAILED. (fdc) (Entered: 01/10/2020) |
| 01/24/2020 | 55 | NOTICE of Withdrawal of Appearance by BENJAMIN OSCAR PRESENT on behalf of DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL(PRESENT, BENJAMIN) (Entered: 01/24/2020) |
| 01/31/2020 | 56 | Minute Entry for proceedings held before HONORABLE JOSHUA D. WOLSON Motion Hearing held on 1/30/2020 re 32 MOTION to Certify Class filed by DESIRE EVANS, MONIQUE RUSSELL, ELSA M. POWELL, JASMINE RIGGINS Court Reporter: ANN MARIE MITCHELL. (sg, ) (Entered: 01/31/2020) |
| 03/23/2020 | 57 | MEMORANDUM AND/OR OPINION. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 3/23/2020. 3/23/2020 ENTERED AND COPIES E-MAILED. NOT MAILED TO ATTORNEY.(sg, ) (Entered: 03/23/2020) |
| 03/23/2020 | 58 | ORDER THAT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DOC. 32 ) IS GRANTED AS OUTLINED HEREIN. A STATUS CONFERENCE SET FOR 3/31/2020 10:00 AM BEFORE HONORABLE JOSHUA D. WOLSON. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 3/23/2020. 3/23/2020 ENTERED AND COPIES E-MAILED. NOT MAILED TO ATTORNEY.(sg, ) (Entered: 03/23/2020) |
| 03/24/2020 | 59 | NOTICE of Appearance by ROBIN SCHLEIFER WEISS on behalf of DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL (WEISS, ROBIN) (Entered: 03/24/2020) |
| 03/30/2020 | 60 | MOTION to Stay filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Memorandum, Certificate of Service. (Attachments: # 1 Memorandum of Law in Support of Limited Motion to Stay, # 2 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 03/30/2020) |
| 03/31/2020 | 61 | Minute Entry for proceedings held before HONORABLE JOSHUA D. WOLSON Status Conference held on 3/31/2020. (sg, ) (Entered: 03/31/2020) |
| 04/01/2020 | 62 | ORDER THAT THE PARTIES ARE TO SUBMIT TO THE COURT A PROPOSAL CONCERNING CASE MANAGEMENT ON OR BEFORE APRIL 14, 2020 AS OUTLINED HEREIN. IT IS FURTHER ORDERED THAT A |

| | | |
|---|---|---|
| | | TELEPHONE STATUS CONFERENCE IS SCHEDULED FOR 4/30/2020 AT 10:00 AM BEFORE HONORABLE JOSHUA D. WOLSON. IT IS FURTHER ORDERED THAT THE DATES SET IN OPERATIVE SCHEDULING ORDER (ECF NO. 54) ARE HEREBY VACATED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 03/31/2020. 04/01/2020 ENTERED AND E-MAILED.(ja, ) (Entered: 04/01/2020) |
| 04/06/2020 | 63 | TRANSCRIPT of PROCEEDINGS held on 1/30/2020, before Judge JOSHUA D. WOLSON. Court Reporter/Transcriber ANN MARIE MITCHELL, OFFICIAL COURT REPORTER. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 4/27/2020. Redacted Transcript Deadline set for 5/7/2020. Release of Transcript Restriction set for 7/6/2020. (sg, ) (Entered: 04/07/2020) |
| 04/06/2020 | 64 | Notice of Filing of Official Transcript with Certificate of Service re 63 Transcript - PDF,, 4/7/2020 Entered and Copies Emailed. NOTICE NOT MAILED TO ATTORNEY. (sg, ) (Entered: 04/07/2020) |
| 04/08/2020 | 65 | NOTICE of Docketing Record on Appeal from USCA. Appeal filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. USCA Case Number 20-8024.(dmc, ) (Entered: 04/08/2020) |
| 04/14/2020 | 66 | Proposed Case Management Plan by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (CENTRELLA, NICHOLAS) (Entered: 04/14/2020) |
| 04/27/2020 | 67 | ORDER THAT 60 DEFENDANT'S MOTION TO STAY IS DENIED AS MOOT. FURTHER INFORMATION AND DEADLINES AS OUTLINED HEREIN. IT IS FURTHER ORDERED THAT THE TELEPHONIC STATUS CONFERENCE SCHEDULED FOR APRIL 30, 2020, IS CANCELLED. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 04/27/2020.04/27/2020 ENTERED AND E-MAILED. (ja, ) (Entered: 04/27/2020) |
| 04/30/2020 | 68 | First MOTION to Amend/Correct *Order* filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL.Uncontested Motion to Amend Order. (Attachments: # 1 Text of Proposed Order Proposed Order re Motion to Amend)(CENTRELLA, NICHOLAS) (Entered: 04/30/2020) |
| 04/30/2020 | 69 | ORDER THAT PLAINTIFFS MOTION TO AMEND IS GRNATED. IT IS FURTHER ORDERED THAT THE COURT'S ORDER OF 3/23/2020 IS HEREBY AMENDED TO REFLECT THAT Z LAW, LLC IS APPOINTED AS ADDITIONAL CLASS COUNSEL. SIGNED BY HONORABLE JOSHUA D. WOLSON ON 4/30/2020.4/30/2020 ENTERED AND COPIES E-MAILED. NOT MAILED TO ATTORNEY. (sg, ) (Entered: 04/30/2020) |
| 05/11/2020 | 70 | Notice of Appeal by Educational Commission for Foreign Medical Graduates, grant of Petition for permission to appeal. Filing fee $ 505. Copies to Judge, Clerk USCA, Appeals Clerk. (sg, ) (Entered: 06/04/2020) |

| 06/05/2020 | 71 | NOTICE of Docketing Record on Appeal from USCA re 70 Notice of Appeal filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. USCA Case Number 20-2128 (dmc, ) (Entered: 06/05/2020) |
| 06/16/2020 | | USCA Appeal Fees received $ 505 receipt number PPE215625 re 70 Notice of Appeal filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (dmc, ) (Entered: 06/17/2020) |
| 06/22/2020 | 72 | Copy of TPO Form re 70 Notice of Appeal : (sg, ) (Entered: 06/23/2020) |
| 06/23/2020 | | COPY OF ORDER ENTRIES #57, 58 AND 69 MAILED OUT TO COUNSEL ON 6/23/20. (jaa, ) (Entered: 06/23/2020) |
| 09/27/2021 | 73 | NOTICE of Change of Address by DAVID E. HAYNES(HAYNES, DAVID) (Entered: 09/27/2021) |
| 10/18/2021 | 74 | ORDER of USCA as to 70 Notice of Appeal filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. ORDERED and ADJUDGED by this Court that the Order of the District Court entered April 27, 2020, is VACATED and REMANDED to the District Court for further proceedings. Costs shall not be taxed in this matter. All of the above in accordance with the Opinion of this Court. (sg, ) (Entered: 10/18/2021) |
| 10/27/2021 | 75 | NOTICE of Hearing: A VIDEO STATUS CONFERENCE IS SCHEDULED WITH LEAD COUNSEL FOR THE PARTIES ON 11/9/2021 AT 10:00 AM, BEFORE DISTRICT JUDGE JOSHUA D. WOLSON. THE COURT WILL PROVIDE THE PARTIES WITH THE ZOOM LINK CLOSER TO THE SCHEDULED DATE. (ENTERED AND EMAILED, 10/27/2021)(ja,) (Entered: 10/27/2021) |
| 11/09/2021 | 76 | Minute Entry for proceedings held before DISTRICT JUDGE JOSHUA D. WOLSON VIDEO Status Conference held on 11/9/21. (JL ) (Entered: 11/09/2021) |
| 11/09/2021 | 77 | SCHEDULING ORDER: MOTIONS FOR SUMMARY JUDGMENT SHALL BE FILED BY 12/10/2021; ANY OPPOSITION SHALL BE FILED BY 01/14/2022; ANY REPLY SHALL BE FILED BY 1/28/2022; AND ANY SUR-REPLY SHALL BE FILED BY 02/11/2022. THE PARTIES SHALL APPEAR FOR ORAL ARGUMENT ON SUMMARY JUDGMENT AND CLASS CERTIFICATION ON 4/5/2022 AT 10:00 AM, IN Courtroom 3B, BEFORE DISTRICT JUDGE JOSHUA D. WOLSON. FURTHER INFORMATION AND DEADLINES AS OUTLINED HEREIN.. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 11/09/2021. 11/09/2021 ENTERED AND E-MAILED.(ja,) COPY MAILED TO ATTY P. FREDERICO Modified on 11/9/2021 (ja, ). (Entered: 11/09/2021) |
| 12/03/2021 | 78 | ORDER THAT DEFENDANT MAY FILE A SINGLE OMNIBUS BRIEF THAT DOES NOT EXCEED 40 PAGES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFFS MAY FILE A 40-PAGE OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 12/03/2021. 12/03/2021 ENTERED AND E-MAILED.(ja,) (Entered: 12/03/2021) |

| 12/10/2021 | 79 | Memorandum, Supplemental, In Support re 32 MOTION to Certify Class filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (Attachments: # 1 Certificate of Service)(WEISS, ROBIN) (Entered: 12/10/2021) |
|---|---|---|
| 12/10/2021 | 80 | Memorandum in Opposition re 32 MOTION to Certify Class *Supplemental Brief* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (Attachments: # 1 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/10/2021 | 81 | MOTION for Summary Judgment filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Memorandum of Law and Proposed Order. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/10/2021 | 82 | MOTION to Exclude *Opinions and Anticipated Testimony of Dr. Annie Steinberg* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Memorandum of Law, Proposed Order, and Exhibits. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order, # 3 Exhibit 1 (Steinberg Report), # 4 Exhibit 2 (Steinberg Dep), # 5 Exhibit 3 (Email), # 6 Exhibit 4 (Email), # 7 Exhibit 5 (McDonald Report), # 8 Exhibit 6 (Email), # 9 Exhibit 7 (McDonald Dep), # 10 Exhibit 8 (Questionnaire))(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/10/2021 | 83 | MOTION to Exclude *Opinions and Anticipated Testimony of Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Memorandum of Law, Proposed Order, and Exhibits. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order, # 3 Exhibit 1 (Beck Report), # 4 Exhibit 2 (Smith Report), # 5 Exhibit 3 (Markenson Dep), # 6 Exhibit 4 (Markeons Report), # 7 Exhibit 5 (Hyde Report), # 8 Exhibit 6 (Hyde Dep), # 9 Exhibit 7 (Williamson Report), # 10 Exhibit 8 (Williamson Dep))(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/10/2021 | 84 | MOTION to Seal *Unopposed* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Memorandum of Law and Proposed Order. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order)(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/10/2021 | 85 | Statement *of Undisputed Material Facts* by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (Attachments: # 1 Exhibit 1 (ECFMG Webpage), # 2 Exhibit 2 (Corrado Dep), # 3 Exhibit 3 (ECFMG Webpage), # 4 Exhibit 4 (ECFMG Certification), # 5 Exhibit 5 (Letter), # 6 Exhibit 6 (Beck Report), # 7 Exhibit 7 (Smith Report), # 8 Exhibit 8 (Akoda Application), # 9 Exhibit 9 (IB Policy), # 10 Exhibit 10 (Verification Papers), # 11 Exhibit 11 (FMGEMS Results), # 12 Exhibit 12 (FMGEMS Results), # 13 Exhibit 13 (Letter), # 14 Exhibit 14 (Letter), # 15 Exhibit 15 (Plea), # 16 Exhibit 16 (Letter), # 17 Exhibit 17 (Letter), # 18 Exhibit 18 (Letter), # 19 Exhibit 19 (Application), # 20 Exhibit 20 (Letter), # 21 Exhibit 21 (Diploma), # 22 Exhibit 22 (Letter), # 23 Exhibit 23 (Verification), # 24 Exhibit 24 (Certificate), # 25 Exhibit 25 (Maryland BOP Decision), # 26 Exhibit 26 (Letter), # 27 Exhibit 27 (Request), # 28 Exhibit 28 (Letter), # 29 Exhibit 29 (Letter), # 30 Exhibit 30 (Memo), # 31 Exhibit 31 (Memo), # 32 Exhibit |

JA74

| | | |
|---|---|---|
| | | 32 (Letter), # 33 Exhibit 33 (Memo), # 34 Exhibit 34 (Letter), # 35 Exhibit 35 (Letter), # 36 Exhibit 36 (Letter))(SHAFFER, BRIAN) (Entered: 12/10/2021) |
| 12/11/2021 | 86 | NOTICE by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES re 85 Statement,,,, *Notice of Exhibits* (Attachments: # 1 Exhibit 37 (Howard Certificate), # 2 Exhibit 38 (Licensure Record), # 3 Exhibit 39 (Application), # 4 Exhibit 40 (Application), # 5 Exhibit 41 (Email), # 6 Exhibit 42 (Evans Rogs), # 7 Exhibit 43 (Bojko Report), # 8 Exhibit 44 (Evans Rogs), # 9 Exhibit 45 (Powell Rogs), # 10 Exhibit 46 (Riggins Rogs), # 11 Exhibit 47 (Russell Rogs), # 12 Exhibit 48 (ABOG Letter), # 13 Exhibit 49 (ABOG Letter), # 14 Exhibit 50 (Email), # 15 Exhibit 51 (Email), # 16 Exhibit 52 (Notice #101), # 17 Exhibit 53 (Evans Dep), # 18 Exhibit 54 (Evans Records), # 19 Exhibit 55 (Evans Rogs), # 20 Exhibit 56 (Evans Records), # 21 Exhibit 57 (Fenichel Report re Evans), # 22 Exhibit 58 (Tellefsen Report), # 23 Exhibit 59 (Powell Dep), # 24 Exhibit 60 (Powell Records), # 25 Exhibit 61 (Powell Rogs), # 26 Exhibit 62 (Powell Rogs), # 27 Exhibit 63 (Fenichel Report re Powell), # 28 Exhibit 64 (Riggins Dep), # 29 Exhibit 65 (Riggins Rogs), # 30 Exhibit 66 (Riggins Records), # 31 Exhibit 67 (Fenichel Report re Riggins), # 32 Exhibit 68 (Riggins RFAs), # 33 Exhibit 69 (Complaint re Dimensions), # 34 Exhibit 70 (Riggins Dep), # 35 Exhibit 71 (Fenichel Report re Riggins), # 36 Exhibit 72 (Russell Dep), # 37 Exhibit 73 (Russell Records), # 38 Exhibit 74 (Fenichel Report re Russell), # 39 Exhibit 75 (Russell Facebook Post), # 40 Exhibit 76 (Russell RFAs))(KLAYMAN, MATTHEW) (Entered: 12/11/2021) |
| 12/11/2021 | 87 | Memorandum of Law in Support re 81 MOTION for Summary Judgment filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. *FILED UNDER SEAL* (lisad, ) (Additional attachment(s) added on 12/13/2021: # 1 Sealed Document, # 2 Sealed Document, # 3 Sealed Document, # 4 Sealed Document, # 5 Sealed Document, # 6 Sealed Document, # 7 Sealed Document, # 8 Sealed Document, # 9 Sealed Document, # 10 Sealed Document, # 11 Sealed Document, # 12 Sealed Document, # 13 Sealed Document) (lisad, ). (Entered: 12/13/2021) |
| 12/14/2021 | 88 | ORDER GRANTING 84 MOTION TO SEAL. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 12/14/21.12/14/21 ENTERED AND COPIES E-MAILED.(va, ) (Entered: 12/14/2021) |
| 12/17/2021 | 89 | ORDER THAT PLAINTIFFS MAY FILE THEIR RESPONSES TO DEFENDANT'S DAUBERT MOTIONS ON OR BEFORE JANUARY 14, 2022. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 12/17/2021. 12/17/2021 ENTERED AND E-MAILED.(ja,) (Entered: 12/17/2021) |
| 01/03/2022 | 90 | MOTION for Pro Hac Vice , MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-15637819.) filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES.Certificate of Service.(MCENROE, ELISA) (Entered: 01/03/2022) |
| 01/04/2022 | 91 | ORDER THAT THE MOTION FOR PRO HAC VICE OF WILLIAM R. PETERSON IS GRANTED. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 1/4/2022.1/4/2022 ENTERED AND COPIES E-MAILED. NOT |

| | | |
|---|---|---|
| | | MAILED TO COUNSEL WITHOUT EMAIL ADDRESS.(sg, ) (Entered: 01/04/2022) |
| 01/06/2022 | | PAPER #91 MAILED TO COUNSEL (JL ) (Entered: 01/06/2022) |
| 01/14/2022 | 92 | STIPULATION AND ORDER THAT, AS A RESULT OF PLAINTIFF'S WITHDRAWAL OF DR. STEINBERG AS AN EXPERT WITNESS, DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'S MOTION 82 IS MOOT. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 1/14/2022. 1/14/2022 ENTERED AND E-MAILED.(ja) (Entered: 01/14/2022) |
| 01/14/2022 | 93 | RESPONSE in Opposition re 81 MOTION for Summary Judgment filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (Attachments: # 1 Plaintiffs' Response to Defendant's Statement of Material Facts and Plaintiffs' Statement of Additional Material Facts, # 2 Brief in Opposition to Defendant's Motion for Summary Judgment, # 3 Text of Proposed Order, # 4 Exhibit 1 (Markenson Testimony), # 5 Exhibit 2 (Corrado Testimony), # 6 Exhibit 3 (Kelly Testimony), # 7 Exhibit 4 (Igberase Application), # 8 Exhibit 5 (Charles Application), # 9 Exhibit 6 (1995 Letter), # 10 Exhibit 7 (1996 Letter), # 11 Exhibit 8 (2001 Letter), # 12 Exhibit 9 (2001 Igberase Letter), # 13 Exhibit 10 (2002 Letter), # 14 Exhibit 11 (Ibadan Diploma), # 15 Exhibit 12 (2000 Kelly Memo), # 16 Exhibit 13 (Akoda Passport), # 17 Exhibit 14 (2006 ERAS LOR), # 18 Exhibit 15 (Russell Testimony), # 19 Exhibit 16 (Riggins Testimony), # 20 Exhibit 17 (Powell Testimony), # 21 Exhibit 18 (Evans Testimony), # 22 Exhibit 19 (Seeling Testimony), # 23 Exhibit 20 (Markenson Report), # 24 Exhibit 21 (1995 Letter to USMLE), # 25 Exhibit 22 (Igberaese Application), # 26 Exhibit 23 (2000 Letter to Igberase), # 27 Exhibit 24 (Oluwafemi Application), # 28 Exhibit 25 (2000 Letter to Charles), # 29 Exhibit 26 (Akoda Application), # 30 Exhibit 27 (Benin Diploma), # 31 Exhibit 28 (2000 McCorkel Letter), # 32 Exhibit 29 (2000 Letter to Akoda), # 33 Exhibit 30 (2000 Kelly Memo), # 34 Exhibit 31 (Kelly Notes), # 35 Exhibit 32 (Kelly Notes), # 36 Exhibit 33 (2000 Emails), # 37 Exhibit 34 (Powell Declaration), # 38 Exhibit 35 (Evans Declaration), # 39 Exhibit 36 (Hyde Report), # 40 Exhibit 37 (Williamson Report), # 41 Certificate of Service)(WEISS, ROBIN) (Entered: 01/14/2022) |
| 01/14/2022 | 94 | RESPONSE in Opposition re 83 MOTION to Exclude *Opinions and Anticipated Testimony of Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson* filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (Attachments: # 1 Brief In Support of Plaintiffs' Response in Opposition to Motion to Exclude, # 2 Text of Proposed Order, # 3 Exhibit 1 (Markenson Report), # 4 Exhibit 2 (Markenson CV), # 5 Exhibit 3 (Markenson Testimony), # 6 Exhibit 4 (Hyde Report), # 7 Exhibit 5 (Hyde CV), # 8 Exhibit 6 (Hyde Testimony), # 9 Exhibit 7 (Williamson Report), # 10 Exhibit 8 (Williamson CV), # 11 Exhibit 9 (Williamson Testimony), # 12 Exhibit 10 (Corrado Testimony), # 13 Exhibit 11 (Plea Agreement), # 14 Certificate of Service) (WEISS, ROBIN) (Entered: 01/14/2022) |
| 01/14/2022 | 95 | Memorandum re 32 MOTION to Certify Class *Response to* |

JA76

| | | |
|---|---|---|
| | | *Defendant's Supplemental Brief in Opposition to Class Certification* filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (THRONSON, PATRICK) (Entered: 01/14/2022) |
| 01/14/2022 | 96 | Memorandum in Opposition re 32 MOTION to Certify Class *in Response to Plaintiffs' Supplemental Brief Regarding Class Certification and Certificate of Service* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (Attachments: # 1 Exhibit A)(SHAFFER, BRIAN) (Entered: 01/14/2022) |
| 01/19/2022 | 97 | ORDER THAT, DEFENDANT MAY EXCEED THE PAGE LIMITATIONS IN ITS REPLY BRIEF IN SUPPORT OF ITS 81 MOTION FOR SUMMARY JUDGMENT BY FIVE (5) PAGES, SUCH THAT DEFENDANT WILL FILE A REPLY BRIEF OF NO MORE THAN FIFTEEN (15) PAGES. IT IS FURTHER ORDERED THAT DEFENDANT MAY FILE ITS REPLY IN SUPPORT OF ITS 83 DAUBERT MOTION TO EXCLUDE OPINIONS AND ANTICIPATED TESTIMONY OF DR. DAVID MARKENSON, DR. JOHN CHARLES HYDE, AND DR. JERRY WILLIAMSON ON OR BEFORE JANUARY 28, 2022. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 01/19/2022. 01/19/2022 ENTERED AND E-MAILED.(ja) (Entered: 01/19/2022) |
| 01/28/2022 | 98 | REPLY to Response to Motion re 81 MOTION for Summary Judgment *and Certificate of Service* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (Attachments: # 1 Supplement ECFMG's Response to Plaintiffs' Statement of Additional Material Facts and Reply to Plaintiffs' Response to Defendant's Statement of Material Facts, # 2 Exhibit 1 - Excerpts of W. Kelly Deposition, # 3 Exhibit 2 - Excerpts of K. Corrado Deposition, # 4 Exhibit 3 - Excerpts of S. Seeling Deposition, # 5 Exhibit 4 - Subpoena, # 6 Exhibit 5 - Goldberg Report)(SHAFFER, BRIAN) (Entered: 01/28/2022) |
| 01/28/2022 | 99 | REPLY to Response to Motion re 83 MOTION to Exclude *Opinions and Anticipated Testimony of Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson and Certificate of Service* filed by EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES. (SHAFFER, BRIAN) (Entered: 01/28/2022) |
| 01/31/2022 | 100 | ORDER THAT ORAL ARGUMENT ON SUMMARY JUDGMENT AND CLASS CERTIFICATION IS RESCHEDULED FOR MARCH 29, 2022, AT 10:00 AM, IN COURTROOM 3B, BEFORE DISTRICT JUDGE JOSHUA D. WOLSON. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 1/31/2022. 1/31/2022 ENTERED AND E-MAILED.(ja) (Entered: 01/31/2022) |
| 02/11/2022 | 101 | *Plaintiffs' Sur-Reply In Support of Opposition to Motion for Summary Judgment* re 81 MOTION for Summary Judgment filed by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. (Attachments: # 1 Certificate of Service)(WEISS, ROBIN) Modified on 2/14/2022 (lisad, ). (Entered: 02/11/2022) |
| 03/22/2022 | 102 | ORDER THAT, ORAL ARGUMENT ON SUMMARY JUDGMENT AND CLASS CERTIFICATION MOTIONS, CURRENTLY SCHEDULED FOR MARCH 29, 2022, AT |

| | | |
|---|---|---|
| | | 10:00 AM, IS CANCELED. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 3/22/2022. 3/22/2022 ENTERED AND E-MAILED.(ja) (Entered: 03/22/2022) |
| 05/19/2022 | 103 | MEMORANDUM AND/OR OPINION RE: MOTION FOR SUMMARY JUDGMENT. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 5/19/2022. 5/19/2022 ENTERED AND E-MAILED AND COPY MAILED TO ATTY FREDERICO.(ja) (Entered: 05/19/2022) |
| 05/19/2022 | 104 | ORDER GRANTING 81 DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, FOR THE REASONS STATED IN THE ACCOMPANYING MEMORANDUM. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES AND AGAINST PLAINTIFFS MONIQUE RUSSELL, JASMINE RIGGINS, ELSA POWELL, AND DESIRE EVANS. SIGNED BY DISTRICT JUDGE JOSHUA D. WOLSON ON 5/19/2022. 5/19/2022 ENTERED AND E-MAILED AND COPY MAILED TO ATTY FREDERICO.(ja) (Entered: 05/19/2022) |
| 05/24/2022 | 105 | NOTICE OF APPEAL as to 103 Memorandum and/or Opinion, 104 Order (Memorandum and/or Opinion),, Judgment, by DESIRE EVANS, ELSA M. POWELL, JASMINE RIGGINS, MONIQUE RUSSELL. Filing fee $ 505, receipt number APAEDC-15940627. IFP No Copies to Judge, Clerk USCA, Appeals Clerk and (Attachments: # 1 Certificate of Service) (WEISS, ROBIN) (Entered: 05/24/2022) |
| 05/26/2022 | 106 | NOTICE of Docketing Record on Appeal from USCA re 105 Notice of Appeal (Credit Card Payment), filed by DESIRE EVANS, MONIQUE RUSSELL, ELSA M. POWELL, JASMINE RIGGINS. USCA Case Number 22-1998 (sg) (Entered: 05/26/2022) |

JA78