No. 22-1998

In the United States Court of Appeals for the
Third Circuit

MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL,
and DESIRE EVANS, on behalf of themselves and all others similarly situated,
*Appellants*,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
*Appellee.*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania,
No. 2:18-cv-05629-JDW (Wolson, J.)

**UNCONTESTED MOTION FOR LEAVE TO FILE PORTIONS OF
THE RECORD ON APPEAL UNDER SEAL**

JANET, JANET & SUGGS, LLC
  Patrick A. Thronson
  Brenda A. Harkavy
  4 Reservoir Circle, Suite 200
  Baltimore, MD 21208
  (410) 653-3200

LAW OFFICES OF PETER G.
ANGELOS, P.C.
  Paul M. Vettori
  One Charles Center
  100 N. Charles Street, 20th Floor
  Baltimore, Maryland 21201
  (410) 649-2000

| | |
|---|---|
| SCHOCHOR AND STATON, PA<br>Scott Kurlander<br>The Paulton<br>1211 St. Paul Street<br>Baltimore, Maryland 21202<br>(410) 234-1000 | CONRAD O'BRIEN P.C.<br>Nicholas M. Centrella<br>Robin S. Weiss<br>1500 Market Street, Suite 3900<br>Philadelphia, PA 19102-2100<br>(215) 864-9600 |
| Z LAW, LLC<br>Cory L. Zajdel<br>2345 York Rd. Suite B-13<br>Timonium, MD 21093<br>(443) 213-1977 | THE COCHRAN FIRM<br>Karen Evans<br>David Haynes<br>1666 K Street NW<br>Suite 1150<br>Washington, DC 20006<br>(202) 682-5800 |

***Counsel for Appellants***

Appellants Monique Russell, Jasmine Riggins, Elsa M. Powell, and Desire Evans, on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby move, under this Court's Local Rule 106.1(c)(2), to continue the seal ordered by the district court in this matter on November 19, 2019. (Dkt. No. 49). A copy of the district court's November 19, 2019 Order (the "November 19 Order") is attached hereto as Exhibit A.

Appellants desire to have all portions of documents listed in the November 19 Order to remain sealed permanently for as long as these documents remain on the docket, for the reasons set forth in the November 19 Order. *See* Ex. A. These materials contain the dates of birth of certain putative class members, minor childrens' dates of birth, and Appellants' sensitive and personal medical information and histories. *See* Ex. "A". The documents ordered sealed by the November 19 Order are as follows: ECFMG's unredacted Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 40), and Exhibits 11, 12, 13, 14, 18, 21, 25, 26, 27, 28, 29, 30, 31, 32, 36, 37 thereto, filed on October 28, 2019. These documents have been filed separately in Volume V of the Joint Appendix.

Additionally, by Order dated December 14, 2021 (Dkt. No. 88) (the "December 14 Order"), and for the reasons set forth in the November 19 Order, the district court ordered that the following documents be sealed in connection with ECFMG's Motion for Summary Judgment: ECFMG's unredacted Memorandum of Law in Support of its Motion for Summary Judgment (Dkt. No. 81-1) filed December

1

10, 2021, ECFMG's unredacted Statement of Undisputed Materials Facts (Dkt. No. 85) filed December 10, 2021, and unredacted Exhibits 42, 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, and 74 to ECFMG's Motion for Summary Judgment (Dkt Nos. 86-6, 86-8—86-11, 86-17, 86-19, 86-21, 86-23, 86-27, 86-31 and 96-38) filed December 11, 2021. Appellants desire to have the unredacted versions of these publicly filed documents remain sealed permanently for as long as these documents remain on the docket, for the reasons set forth in the November 19 Order and the December 14 Order. *See* Exs. A and B. These documents have been filed separately in Volume VI of the Joint Appendix.

Counsel for Appellee has advised that they do not oppose this Motion. Additionally, this Court previously granted ECFMG's Unopposed Motion to Seal the above-referenced materials filed in connection with ECFMG's Petition for Review of Class Certification on January 6, 2021. (Case No. 20-2128, ECF No. 22).

Date: <u>September 8, 2022</u>                          Respectfully submitted,

| JANET, JANET & SUGGS, LLC | LAW OFFICES OF PETER G. ANGELOS, P.C. |
|---|---|
| /s/ *Patrick Thronson*<br>Patrick A. Thronson<br>Brenda A. Harkavy<br>4 Reservoir Circle, Suite 200<br>Baltimore, MD 21208<br>(410) 653-3200 | Paul M. Vettori<br>One Charles Center<br>100 N. Charles Street, 20th Floor<br>Baltimore, Maryland 21201<br>(410) 649-2000 |

CONRAD O'BRIEN PC
  Nicholas M. Centrella
  Robin S. Weiss
  1500 Market Street, Suite 3900
  Philadelphia, PA 19102-2100
  (215) 864-9600

Z LAW, LLC
  Cory L. Zajdel
  2345 York Rd. Suite B-13
  Timonium, MD 21093
  (443) 213-1977

SCHOCHOR AND STATON, P.A.
  Scott Kurlander
  The Paulton
  1211 St. Paul Street
  Baltimore, Maryland 21202
  (410) 234-1000

THE COCHRAN FIRM
  Karen Evans
  David Haynes
  1666 K Street NW
  Suite 1150
  Washington, DC 20006
  (202) 682-5800

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that the Uncontested Motion for Leave for File Portions of the Record on Appeal Under Seal meets the type-volume limitations of Rule 27(d)(2)(A) because it contains 873 words.

*/s/ Patrick Thronson*
Patrick A. Thronson
*Counsel for Appellants*

Date: September 8, 2022

## CERTIFICATE OF SERVICE

    I hereby certify, on this <u>8th</u> day of September, 2022, I electronically filed the foregoing Uncontested Motion for Leave to File Portions of the Record on Appeal Under Seal with the Clerk for the United States District Court of Appeals for the Third Circuit. I used the Court's CM/ECF system, which serves registered CM/ECF users. Counsel of record in this case were served through the Court's CM/EFC system.

<u>/s/ Patrick Thronson</u>
Patrick A. Thronson

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,** <br><br> *Plaintiffs,* <br><br> v. <br><br> **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,** <br><br> *Defendant.* | Case No. 2:18-cv-05629-JDW |

## ORDER

**AND NOW**, this 19th day of November, 2019, upon consideration of Defendant's Uncontested Motion to Seal Filed Documents Containing Private Information (ECF. No. 38), the Court finds as follows:

1. "The common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. The right of public access is "particularly compelling" in a class action, as the "openness of class actions provides class members with "a more complete understanding of the [class action process] and a better perception of its fairness." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001), quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

3. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly

defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotations omitted).

4. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Id.* at 672, 673 (quotations omitted).

5. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677.

6. In this Motion, Defendant argues that documents should be sealed pursuant to the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). However, as the Third Circuit's decision in *Avandia* makes clear, the "common law right of access" standard for discovery materials filed as court documents is more rigorous than the standard for protecting information that private parties exchange in discovery;

7. Although Defendant has conflated the two standards, Defendant has nevertheless articulated sufficient reasoning to seal certain redacted portions of docket entries. In particular, the Court will seal the following categories of information, which are referenced in the table below:

- The dates of birth of members of the putative class that the law firm of Schochor, Federico, & Staton, P.A. represent. While the Court will not permit the sealing of the names of putative class members, placing each putative class member's birthday on the public record constitutes an unnecessary invasion of those class members' privacy;

- Sensitive, personal, and potentially embarrassing medical information about the named plaintiffs and members of the putative class, including diagnoses, personal histories, and medications that have been prescribed.

8. Defendant has not, however, made the requisite showing for many redactions, as indicated in the table below. Information that will not be maintained under seal includes the names of putative class members, some individuals' personal history or the personal history of a family member, and the email address and URL associated with certain of Plaintiffs' questionnaires.

9. For each exhibit with proposed information to be kept under seal, the Court finds as follows:

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
| 11 | Pages 21 through 25 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 12 | Page 7 | Sensitive, private medical information about plaintiff | Yes |
| | Pages 23 through 27 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 13 | Page 6 | Minor Children Dates of Birth | Yes |
| | Pages 18 through 24 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 14 | Page 2 | Sensitive Personal History | Yes |
| | Pages 18 through 24 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |

3

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 18 | Page 3 | Name of Medication | Yes |
| | Page 7 | Conduct of ECFMG Certificate Holder Oluwafemi Charles Igberase | No |
| 21 | Page 2 | Sensitive Personal History | Yes |
| 25 | Pages 2, 6, 11, 16, 22, 26 | Login Usernames for Questionnaire | No |
| | Pages 5, 10, 15, 21, 30 | Patient Referrer Website Links | No |
| | Page 21 | Conduct of ECFMG Certificate Holder Oluwafemi Charles Igberase | No |
| | Page 30 | Inaccurate Medical Information | No |
| | Page 31 | Redactions included in originally filed document (ECF No. 40-10) | N/A |
| 26 | Page 2 | Personal History | Yes |
| 27 | Page 3 | Date of Birth | Yes |
| | | Personal History | Yes |
| | Page 5 through First Redaction on Page 6 | Personal and Medical History | Yes |
| | Second Redaction on Page 6 through end of Page 6 | Family History | No |
| | Page 7 | Name of Medication | Yes |
| 28 | Page 3 | Date of Birth | Yes |
| 29 | Page 3 | Date of Birth | Yes |
| | Page 4 | Personal and Medical History | Yes |
| 30 | Page 3 | Date of Birth | Yes |
| | Page 4 | Names of Medication | Yes |
| | Page 6 | Personal and Medical History | Yes |

4

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
|  | Page 7 | Personal Information | No |
|  | Page 9 | Personal Information | Yes |
| 31 | Page 3 | Medical Information | Yes |
| 32 | Page 8 | Medical Information | Yes |
|  | Page 10 | Personal History | Yes |
|  | Page 11 | Medical Information | Yes |
| 36 | All Pages | Personal Information | No |
| 37 | All Pages | Personal Information | No |

10. The Court notes that page 31 of Exhibit 25 is redacted in both the version submitted to the Court and the version on the public record. Thus, the Court need not undertake an analysis of that redaction because nothing has been submitted under seal.

11. The Court further notes that the pages of Exhibit 25 that Defendant submitted under seal does not correspond to the pages that Defendant filed on the public docket.

12. Defendant has asked the Court for leave to file all of Exhibits 36 and 37 under seal, given the amount of private information in those deposition transcripts. The Court has reviewed the transcripts, and it will not permit those transcripts to be submitted under seal in their entirety because substantial portions of those transcripts do not warrant sealing. Therefore, the Court will permit the parties seven days to file redacted versions of those transcripts on the public record. The Court will not allow additional opportunities to cure failures to satisfy the requirements for filing these documents under seal.

Therefore, in light of the foregoing it is **ORDERED** that the Motion (ECF No. 38) is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall refile Exhibits 11, 12, 13, 14, 18, 25, 27, and 30, with redactions that conform with the Court's findings as outlined above.

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall file a new, redacted version of Exhibit 25, the pages of which correspond to the version of Exhibit 25 that Defendant submitted under seal.

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall file on the public docket redacted versions of Exhibits 36 and 37, redacting only the personal, confidential information that the parties propose to maintain under seal.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>*Plaintiffs,*<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>*Defendant.* | Case No. 2:18-cv-05629-JDW |

## ORDER

**AND NOW**, this 14th day of December, 2021, upon consideration of Defendant's Unopposed Motion To Seal (ECF No. 84), the Court finds as follows:

1. "The common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. The right of public access is "particularly compelling" in a class action, as the "openness of class actions provides class members with "a more complete understanding of the [class action process] and a better perception of its fairness." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001), quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

3. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will

protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotations omitted).

4. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Id.* at 672, 673 (quotations omitted).

5. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677.

6. For the reasons stated in the Court's Order dated November 19, 2019:

- Exhibits 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, 74 (ECF Nos. 86-8—86-11, 86-17, 86-19, 86-21, 86-23, 86-27, 86-31, 86-38) may be filed under seal, with the same previously approved redacted versions filed publicly on the docket.

- The Defendant has also made the requisite showing for the redactions in Exhibit 42, the Memorandum of Law in Support of its Motion for Summary Judgment, and the Statement of Undisputed Material Facts. (ECF Nos. 86-6, 81-1, 85.) These documents contain private information about Plaintiff Desiree Evans that would be embarrassing and cause emotional harm if posted on the public docket without redaction.

Therefore, in light of the foregoing it is **ORDERED** that the Motion (ECF No. 84) is **GRANTED**.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.