No. 22-1998

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS, on behalf of themselves and all others similarly situated,

*Appellants,*

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,

*Appellee.*

On Appeal from the United States District Court for the Eastern District of Pennsylvania, No. 2:18-cv-05629-JDW (Wolson, J.)

## APPELLANTS' PETITION FOR REHEARING OR REHEARING EN BANC

JANET, JANET & SUGGS, LLC
 Patrick A. Thronson
 Stephen C. Rigg
 4 Reservoir Circle, Suite 200
 Baltimore, MD 21208
 (410) 653-3200

LAW OFFICES OF PETER G. ANGELOS, P.C.
 Paul M. Vettori
 One Charles Center
 100 N. Charles Street, 20th Floor
 Baltimore, Maryland 21201
 (410) 649-2000

SCHOCHOR AND STATON, PA
  Jonathan E. Goldberg
  Jonathan T. Huddleston
  1211 St. Paul Street
  Baltimore, Maryland 21202
  (410) 234-1000

Z LAW, LLC
  Cory L. Zajdel
  2345 York Rd. Suite B-13
  Timonium, MD 21093
  (443) 213-1977

CONRAD O'BRIEN P.C.
  Nicholas M. Centrella
  Robin S. Weiss
  1500 Market Street, Suite 3900
  Philadelphia, PA 19102-2100
  (215) 864-9600

THE COCHRAN FIRM
  Karen Evans
  David Haynes
  1666 K Street NW
  Suite 1150
  Washington, DC 20006
  (202) 682-5800

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................iii

TABLE OF AUTHORITIES ...................................................................v

APPELLANT'S PETITION FOR REHEARING OR FOR
REHEARING *EN BANC* ......................................................................1

BASES FOR THE REQUESTED REVIEW...........................................1

PRELIMINARY STATEMENT .............................................................3

STANDARD...........................................................................................5

BRIEF FACTUAL AND PROCEDURAL HISTORY ...........................5

ARGUMENT..........................................................................................7

I.   The Court should have reached the proximate cause
     issues raised in Appellants' Brief: Appellants' negligence
     claims are distinct from their claims for negligent
     infliction of emotional distress...................................................7

II.  The Court's imprecise and arbitrary cutoff time for
NIED contradicts State and Circuit precedent and would
improperly bar sexual assault survivors from recovery. ..... 9

A.  This decision contradicts binding Circuit precedent
and state precedent. ............................................... 10

B.  The decision misreads state precedent. ........................... 11

C.  The consequences of this novel standard are
exceptionally important and will have direct,
harmful impacts on other claims. ........................................ 13

D.  This Court can certify this question to the
Pennsylvania Supreme Court if necessary. ...................... 16

III.  The improper certification of medical professionals
and its effect on patients are also a matter of
exceptional importance. ........................................... 17

CONCLUSION ................................................................. 18

CERTIFICATE OF SERVICE ............................................... 21

LOCAL RULE 35.1 CERTIFICATION ................................. 22

iv

# TABLE OF AUTHORITIES

## Cases

*Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force,*
   745 A.2d 25 (Pa. Super. Ct. 2000) ........................................ 12

*People v. Simon,*
   339 Mich. App. 568, 984 N.W.2d 800 (2021) ....................................... 15

*Plummer v. United States,*
   580 F.2d 72 (3d Cir. 1978) ............................................... passim

*Schmidt v. Boardman Co.,*
   11 A.3d 924 (Pa. 2011) ................................................... 13

*Shumosky v. Lutheran Welfare Services of Northeastern PA, Inc.,*
   784 A.2d 196 (Pa. Super. Ct. 2001) ........................................ 11

*United States v. Williams,*
   447 F.2d 1285 (5th Cir. 1971) ............................................. 5

*Walsh v. Univ. of Pittsburgh,*
   No. CIV.A. 13-00189, 2015 WL 128104
   (W.D. Pa. Jan. 8, 2015) ............................................... 11, 12

*Wisniewski v. Diocese of Belleville,*
   943 N.E.2d 43 (Ill. App. Ct. 2011) ........................................ 15

## Rules

Fed. R. App. P. 35 .................................................................. 1, 5

Fed. R. App. P. 40 .................................................................. 5

## Regulations

210 Pa. Code Rule 3341 ............................................................. 16, 17

## Other Authorities

16AA Fed. Prac. & Proc. Juris. § 3986.1 (5th ed.)...............................5, 14

## APPELLANT'S PETITION FOR REHEARING OR FOR REHEARING *EN BANC*

Appellants/Petitioners, pursuant to Federal Rules of Appellate Procedure 35 and 40, and Local Rules 35.1 and 40.1, hereby submit this Appellants' Petition for Rehearing or for Rehearing *En Banc*.

## BASES FOR THE REQUESTED REVIEW

This Court's decision is contrary to established precedent of the United States Court of Appeals for the Third Circuit, and consideration by the full court is necessary to secure and maintain uniformity of decisions in this court. Namely, this Court's decision contradicts *Plummer v. United States*, 580 F.2d 72 (3d Cir. 1978). The decision also misinterprets Pennsylvania state law in contravening this precedent.

In addition, this Petition presents the following questions of exceptional importance on those issues for which *en banc* rehearing is sought:

1. Should this Court have affirmed the District Court's dismissal of Appellant's negligence claim (as opposed to their NIED

claim) without discussion, on the mistaken premise that the negligence claim and the NIED claim had merged?

2.    Should this Court have altered Pennsylvania tort law by requiring that a plaintiff seeking emotional harm damages under a physical impact theory show (1) that the physical impact leading to emotional harm inflicted physical injury at the time of impact; and (2) no more than "mere hours" elapsed between the time of a physical impact and the time emotional suffering begins?

3.    Does the novel "mere hours" rule articulated in this Court's initial Opinion impose unintended, unjust barriers for survivors of sexual assault who seek recovery of emotional harm damages, by barring recovery to those who suffer no immediate injury from the physical impact and those who do not immediately recognize they have suffered sexual abuse?

4.    Does the Court's initial Opinion incorrectly insulate ECFMG from regulation under Pennsylvania tort law?

5.    Should the Court have certified questions to the Supreme Court of Pennsylvania before altering the rules for recovery of emotional distress damages in negligence cases?

2

## PRELIMINARY STATEMENT

While Appellants disagree with the panel's decision for all of the reasons set forth in their briefs, and also request rehearing on those issues, this Petition focuses on the discrete bases limned above and the adverse impact of the Court's initial Opinion on Third Circuit and Pennsylvania tort law, contrary to established precedent.

In particular, by creating a novel requirement for NIED claims that symptoms of emotional distress occur within "mere hours" of a physical impact that causes "immediate and substantial physical harm," (Op. at 6, 8), the Opinion is contrary not only to Pennsylvania tort law, as Appellants argued in their brief, but also the Third Circuit's panel opinion in *Plummer v. United States*, 580 F.2d 72 (3d Cir. 1978). In *Plummer*, the emotional distress occasioned by a "physical impact" (a dormant tuberculosis infection) occurred months after exposure, and none of the plaintiffs experienced physical symptoms of the disease. *Id.* at 73. The *Plummer* Court made clear, contrary to its initial Opinion in this matter, that "Pennsylvania cases have not required forceful physical contact to meet the strictures of the "impact" test." *Id.* at 76.

This Court's initial Opinion misinterpreted Pennsylvania law in concluding otherwise.

Under this Court's reasoning in its initial Opinion, sexual assault survivors would be unable to recover for sexual assaults committed while they were unconscious, incapacitated, or deceived, and which thus delayed their recognition of what had happened to them. Pennsylvania tort law does not and should not deny recovery to plaintiffs like Appellants, who were delayed in learning the truth about (not "reconceive[ing] their memories of") their fraudulent gynecological examinations due to a lack of disclosure by the defendant. (Op. at 7.)

The Court also declined to reach the district court's dismissal of Appellants' negligence claim on proximate cause grounds, on the mistaken impression that the claim merged with Appellants' negligent infliction of emotional distress claim. This was incorrect: in their Complaint and throughout this litigation, Plaintiffs pled damages in their negligence claim beyond those for emotional harm, including for physical pain, lost earnings, and lost earning capacity. Plaintiffs have never withdrawn these theories of recovery.

For these and the other reasons stated below, Appellants respectfully request rehearing of this Petition.

## STANDARD

Rehearing by the original panel is appropriate where the panel has overlooked or misapprehended points of fact or law. Fed. R. App. P. 40(a)(2). Rehearing is appropriate on "[m]atters of genuine public importance," especially "if the judgment is calculated to have a direct effect on nonparties." Charles A. Wright and Arthur R. Miller, et al., 16AA Fed. Prac. & Proc. Juris. § 3986.1 (5th ed.).

Rehearing *en banc* is also appropriate where it "is necessary to secure or maintain uniformity of the court's decisions," or "the proceeding involves a question of exceptional importance. Fed. R. App. P. 35(a). Similarly, other Circuits have used *en banc* proceedings to answer "important question[s]." *United States v. Williams*, 447 F.2d 1285, 1287 (5th Cir. 1971).

## BRIEF FACTUAL AND PROCEDURAL HISTORY

The Defendant/Appellee Educational Commission for Foreign Medical Graduates ("ECFMG") is responsible for providing the necessary predicate certification for any graduate of a foreign medical

5

school who wishes to practice medicine in the United States. ECFMG has admitted that "patients have the right not to be treated by physicians who have obtained ECFMG certification based on false pretenses." JA644.

ECFMG issued a certification for a "John Nosa Akoda" after having previously dealt with Igberase directly (and even concluded that he had sought certification under two different names). JA239-40, JA246-50, JA263, JA268. However, "Akoda" did not and does not exist. Instead, the "Akoda" certification was issued to Oluwafemi Charles Igberase ("Igberase"), who proceeded to practice medicine under the "Akoda" identity. JA275-76. ECFMG knew that "Akoda" was Igberase (Akoda even admitted using a different Social Security Number) but chose to do nothing to prevent his entrance into the medical profession. JA284-87.

While operating under this "Akoda" identity, Igberase performed hundreds of unauthorized gynecological examinations and dozens or hundreds of deliveries, all on women who reasonably believed that Igberase was "Akoda," and was a properly licensed medical professional. JA312, JA100 ¶ 30.

6

Igberase's fraud, and ECFMG's knowledge and facilitation of it, eventually came to light. JA676 at 18. When Igberase and ECFMG's victims eventually learned of "Akoda's" crimes, and they had been sexually touched by an imposter without consent, it reasonably caused them great distress. JA182, JA580, JA585, JA587. These women joined to file suit against ECFMG for its role in defrauding them and facilitating their assaults. JA90. Their claims for negligence and negligent infliction of emotional distress were eventually dismissed at summary judgment. JA63. That dismissal was affirmed by the panel authoring the attached Opinion, which was issued without oral argument. Opinion, Exhibit 1.

## **ARGUMENT**

I.     **The Court should have reached the proximate cause issues raised in Appellants' Brief: Appellants' negligence claims are distinct from their claims for negligent infliction of emotional distress.**

In its opinion, this Court declined to reach the issue of proximate cause. Opinion at 8. The Court reasoned that it "need not reach" the proximate cause arguments, having determined that the NIED claim failed.

7

The Court's initial holding in this regard apparently flowed from a misapprehension that "Plaintiffs' separate negligence and NIED claims have merged" because "Plaintiffs acknowledge that the only harm suffered is emotional distress," such that "the two counts are materially indistinguishable." Opinion at 2 n.1.[1] Appellants have failed to determine the source for this "acknowledgement," and have always maintained two claims for damages in this action.

The Complaint makes this clear. Count I, the negligence claim, seeks damages for economic loss, "physical pain," and "[u]nwanted, harmful, and offensive physical contact." JA108. This stands contrary to the claimed "acknowledge[ment] that the only harmed suffered [was] emotional distress." Opinion at 2 n.1.

The initial Opinion's lack of analysis concerning the proximate cause element of the negligence claim is based on a fundamental misapprehension and warrants reexamination. The sole stated basis for

---

[1] The panel may have misapprehended a line in Appellants' Brief noting that "Several theories allow a plaintiff to recover emotional damages in the absence of physical damages." Appellants' Br. 36. This is hardly an acknowledgement that there all harm was emotional, only that physical damage was not necessary to recover emotional damages.

the District Court's dismissal of the plain negligence claim is that there was no proximate cause. JA 5-24.[2] Review of the district court's dismissal of the negligence claim was necessary and warranted for the disposition of the action.

This oversight has deprived Appellants of a meaningful appeal on the erroneous dismissal of their negligence claim. Appellants respectfully submit that the panel should reconsider its decision and review the district court's disposition of the proximate cause issues in this matter.

## II.    __The Court's imprecise and arbitrary cutoff time for NIED contradicts State and Circuit precedent and would improperly bar sexual assault victims from recovery.__

In holding that, where "the delay between the physical impact and emotional distress exceeding mere hours," Pennsylvania would not recognize recovery under a physical impact theory (Op. at 3), the Court created a novel requirement in Pennsylvania NIED law that contravenes settled state and Third Circuit precedent.

---

[2] Of course, neither the District Court nor the Court of Appeals determined that Pennsylvania would have failed to recognize a garden variety negligence claim, along with the accompanying damages, only that there was no NIED claim. *See* Op., *see also* JA 5-24.

## A.    This decision contradicts binding Circuit precedent and state precedent.

In *Plummer v. United States*, 580 F.2d 72 (3d Cir. 1978), this Court, applying Pennsylvania law, permitted recovery under a negligent impact theory for emotional damages stemming from exposure to tuberculosis. *Id.* at 77. These infections were entirely dormant, providing no symptoms except for a risk of later developing tuberculosis and a risk of hepatitis from the only (incomplete) treatment. *Id.* at 74. Discovery of the dormant infections occurred more than "mere hours" after the actual exposure. *Compare* Opinion at 7-8 *with Plummer*, 580 F.2d at 73-74 (detailing at least two months between the first possible exposure to tuberculosis and the discovery of the dormant infections). This is the law as it has stood in this Circuit (and Pennsylvania generally) since at least 1978. No development since then would alter the reasoning or outcome of *Plummer* or justify departing from its precedent.

This case involves a similar situation under different circumstances. Where, in *Plummer*, the government failed to timely diagnose the initial tuberculosis infection, leading to the plaintiffs' exposures and infections, here ECFMG failed to timely react to its own

10

negligent credentialing of "Akoda." *Plummer*, 580 F.2d at 74. Where, in *Plummer*, the "impact" was from microscopic bacteria that were not causing symptoms, here the impacts were purported gynecological exams and other unauthorized sexual touchings by an imposter. *Id.* at 73.

Simply put, the women who are Plaintiffs in this matter have a more robust claim for NIED damages than the plaintiff in *Plummer*. This Court should reexamine this case to conform with Circuit (and State) precedent.

### B.    The decision misreads state precedent.

There is no basis in Pennsylvania law for the aforementioned "mere hours" rule for NIED claims. As Appellants established in their briefing,[3] Pennsylvania has recognized emotional damages in negligence cases where the physical impact and emotional harm were not contemporaneous. *See, e.g.*, *Shumosky v. Lutheran Welfare Services of Northeastern PA, Inc.*, 784 A.2d 196, 198 (Pa. Super. Ct. 2001); *Walsh v. Univ. of Pittsburgh*, No. CIV.A. 13-00189, 2015 WL 128104, at *16 (W.D. Pa. Jan. 8, 2015). As discussed, this is also true in *Plummer*.

---

[3] S*ee* Appellants' Br. 40-42; Appellants' Reply Br. 15-17.

The Court's initial Opinion misapprehends the precedent it cites in creating the "mere hours" rule. The Court states that a plaintiff must show "immediate and substantial physical harm" from a physical impact, citing *Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 28 (Pa. Super. Ct. 2000). Correctly read, however, "immediate and substantial physical harm"—which is *dicta* in *Doe* and unsupported by citation—refers to harm that results from the emotional harm suffered by a plaintiff—not harm suffered directly from or contemporaneously with the physical impact. *Id.*; *see also Toney v. Chester Cnty. Hosp.*, 2008 PA Super 268, ¶¶ 24-25, 961 A.2d 192, 200 (2008), *aff'd*, 614 Pa. 98, 36 A.3d 83 (2011) ("Here, the complaint filed by Toney enumerates the physical harm suffered by Toney as a result of the traumatic delivery of her child: 'shock and severe emotional distress'; 'severe shock, nervous shock, grief, rage, humiliation, emotional pain, mental anguish, emotional trauma, and emotional distress' . . . 'disabled in the past and to continue to be disabled in the future from performing her usual duties, occupations, avocations, and vocations, with a consequent loss of earnings and future earnings capacity'; and 'psychological treatment and care.' These allegations

satisfy the requirement of "*immediate and substantial* physical harm.*"*)
(emphasis added) (cleaned up). Plaintiffs have so pled. JA109-10.

The Court's initial Opinion also states that "the Pennsylvania
Supreme Court has said that NIED provides a remedy for 'trauma
derived from a *contemporaneous* physical impact,'" citing *Schmidt v.
Boardman Co.*, 11 A.3d 924, 948 (Pa. 2011). The cited portion of the
opinion actually reads, however, "Traditionally, under the 'impact rule,'
a plaintiff could recover emotional distress damages only when that
trauma derived from a contemporaneous physical impact," an
observation that did not factor into the holding in the case. *Id.*
Moreover, *Schmidt* was a strict products liability case, not a negligence
case. *Schmidt* hardly restricts recovery in a negligence case to matters
in which emotional trauma occurs contemporaneously with impact.

**C.    The consequences of this novel standard are
        exceptionally important and will have direct, harmful
        impacts on other claims.**

The consequences of this misapprehension raise it to the level of a
matter of exceptional importance. Under the Circuit Court's and
District Court's theory, a plaintiff would be unable to recover for the
emotional distress of a sexual assault begun while the plaintiff was

unable to understand the assault as wrongful, or while she slept, as she would "not fear the physical impact, rather [she would] 'loathe the memory of it.' " Opinion at 4. This is a "[m]atter[] of genuine public importance," which "is calculated to have a direct effect on nonparties." § 3986.1 Form and Content of Petition, 16AA Fed. Prac. & Proc. Juris. § 3986.1 (5th ed.).

Specifically, disallowing such a time lapse would prohibit recovery against an assailant who groped a woman while she was sleeping, only to show her a video of the event years later. Or, even more apt to this case, where the Defendant facilitated a sexual assault, and the victim was shown a video of the assault by a third-party years later. Plaintiffs, just like those who are incapacitated and sexually assaulted, simply were not in a position to understand what ECFMG had allowed to happen to them. Yet, if this Court's ruling represents this Court's view, no Pennsylvanian who did not immediately appreciate that she or he had experienced sexual abuse, or did not immediately feel emotional harm from that abuse, will be capable of recovering compensation.

These are not mere hypothetical examples. Cases where victims are touched after "consent" is fraudulently obtained are common.

14

Michigan State University set up a five hundred-million-dollar fund to compensate victims of Larry Nassar's sexual assaults, which were falsely portrayed as medical exams. *People v. Simon*, 339 Mich. App. 568, 587, 984 N.W.2d 800, 811 (2021) (Gleicher, J., concurring). Dr. Nikita Levy, a Maryland gynecologist, took surreptitious photographs of his patients for years, before being caught. His hospital was held to account. *See* Amara, Kate, *Payments in class action lawsuit in Dr. Nikita Levy case revealed*, Dec. 29, 2016, WBALTV, available at https://www.wbaltv.com/article/payments-in-class-action-lawsuit-in-dr-nikita-levy-case-revealed/8546625# (last accessed August 29, 2023) (detailing the awards for the class members ranging from $1,750 to $26,048). And it is also common for plaintiffs to belatedly recognize the truth—often after fraudulent misrepresentations to the contrary—that what they experienced was sexual abuse. *See, e.g.*, *Wisniewski v. Diocese of Belleville*, 943 N.E.2d 43, 68 (Ill. App. Ct. 2011) (plaintiff recognized that he had been sexually abused years after its occurrence and began experiencing PTSD as a result).

This standard would also take a heavy toll on survivors of childhood sexual assault. While all survivors of sexual abuse can have

difficulties understanding the abuse, especially where the abuser is in a position of trust (such as a "doctor"), it is children who are uniquely positioned to be harmed by this rule. This is because, as research and leading advocacy organizations have noted, "children often lack the knowledge needed to recognize sexual abuse." ChildUSA, Delayed Disclosure, A Factsheet Based on Cutting-Edge Research on Child Sex Abuse, at 2, available at https://childusa.org/wp-content/uploads /2020/04/Delayed-Disclosure-Factsheet-2020.pdf (last accessed August 29, 2023). This Court should not adopt a novel rule of Pennsylvania tort law that would bar such plaintiffs from recovering for emotional harm suffered as a result of sexual abuse.

### D. <u>This Court can certify this question to the Pennsylvania Supreme Court.</u>

Even if this question of law were unclear, this Court had the authority to, *sua sponte*, petition the Supreme Court of Pennsylvania to resolve the question. 210 Pa. Code Rule 3341. This Court should exercise its discretion, whether through the original panel or *en banc*, to either uphold Pennsylvania law as Plaintiffs have stated it on this issue or if this Court deems it necessary and appropriate, petition the State

16

of Pennsylvania to resolve the issue of whether a negligent infliction of emotional distress claim could be maintained on the facts presented.

III. **The improper certification of medical professionals and its effect on patients are also a matter of exceptional importance.**

Even without the panel's modification of state law, permitting ECFMG to improperly license medical professionals without a proper remedy is a matter of grave concern. Pennsylvania (and the other states in which Igberase practiced) have enacted comprehensive schemes to ensure that those practicing medicine within their borders will help, or at least do no harm. These states have a great interest in bringing in qualified foreign medical graduates to practice medicine within their borders. ECFMG has, by intent and design, made itself the keystone of this whole system. It is ECFMG's certification which is the necessary component which all states (and patients) rely upon to ensure that purported foreign medical graduates actually graduated a foreign medical school. As with the Court's novel cutoff point for emotional damages resulting from a physical impact, this Court should not innovate in the area of Pennsylvania tort law—particularly in conflict

with its own prior precedent—without seeking the State's guidance, or at least the full Court's consideration. 210 Pa. Code Rule 3341.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court permit rehearing, whether before the original panel or *en banc*, to address the issues expressed in this Petition.

Dated: August 29, 2023

JANET, JANET & SUGGS, LLC

*/s/ Patrick Thronson*
Patrick A. Thronson
Brenda A. Harkavy
4 Reservoir Circle,
Suite 200
Baltimore, MD 21208
(410) 653-3200

CONRAD O'BRIEN PC
Nicholas M. Centrella
Robin S. Weiss
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
(215) 864-9600

LAW OFFICES OF PETER G. ANGELOS, P.C.
Paul M. Vettori
One Charles Center

100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
(410) 649-2000

SCHOCHOR AND STATON, P.A.
Scott Kurlander
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Z LAW, LLC
Cory L. Zajdel
2345 York Rd. Suite B-13
Timonium, MD 21093
(443) 213-1977

THE COCHRAN FIRM
Karen Evans
David Haynes
1666 K Street NW

Suite 1150
Washington, DC 20006
(202) 682-5800

*Attorneys for Appellants*

## <u>CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK</u>

I, Patrick A. Thronson, counsel for Appellants, certify, pursuant to Local Appellate Rule 28.3(d), that I am a member in good standing of the Bar of this Court.

I further certify, pursuant to Federal Rules of Appellate Procedure 32(a)(5)–(7), and Local Appellate Rule 31.1(c) and 32.1(c), that the foregoing Appellants' Petition for Rehearing or Rehearing En Banc is proportionately spaced and has a typeface of 14-point Century Schoolbook and contains 3,362 words.

I further certify, pursuant to Local Appellate Rule 31.1(c), that Bitdefender Endpoint Security did not detect a virus in this filing.

Dated: <u>August 29, 2023</u>   */s/ Patrick Thronson*
         Patrick A. Thronson

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2023, the foregoing Appellants' Petition for Rehearing or Rehearing En Banc was filed with the Clerk of Court for the U.S. Court of Appeals for the Third Circuit through the Court's CM/ECF system. All counsel of record are registered CM/ECF users

| | |
|---|---|
| William R. Peterson | Brian W. Shaffer |
| Morgan, Lewis & Bockius, LLP | Matthew D. Klayman |
| 1000 Louisiana St., Suite 400 | Morgan, Lewis & Bockius, LLP |
| Houston, TX 77002 | 1701 Market Street |
| | Philadelphia, PA 19103 |

Dated: <u>August 29, 2023</u>          <u>*/s/ Patrick Thronson*</u>
                                         Patrick A. Thronson

## **LOCAL RULE 35.1 CERTIFICATION**

As required in Local Rule 35.1, I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court, *i.e.*, the panel's decision is contrary to the decision of this court or the Supreme Court in *Plummer v. United States*, 580 F.2d 72 (3d Cir. 1978), and that this appeal involves a question of exceptional importance, *i.e.*, whether the Third Circuit Court of Appeals has altered Pennsylvania state law and created an exception to liability for claims for emotional impact stemming from improper physical or sexual touching, which will improperly limit the opportunities for sexual assault and other tort victims to recover, in contradiction to Pennsylvania state law.

Dated: <u>August 29, 2023</u>          */s/ Patrick Thronson*
                                     Patrick A. Thronson