**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1998
_____

MONIQUE RUSSELL; JASMINE RIGGINS; ELSA M. POWELL;
DESIRE EVANS,
          Appellants

v.

EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-05629)
District Judge: Honorable Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 08, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*

(Filed: August 15, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Plaintiffs appeal an order granting defendant Educational Commission for Foreign Medical Graduates (ECFMG) summary judgment on their claims of negligence and negligent infliction of emotional distress (NIED).[1] Plaintiffs argue that the District Court erred in granting summary judgment to ECFMG and holding that Plaintiffs failed to prove proximate causation and their claims for NIED were not consistent with the requirements of Pennsylvania law. For the reasons outlined in this opinion, we will affirm the District Court order granting summary judgment.

I.　　BACKGROUND

In 2018, Plaintiff-Appellants—a putative class of patients who received medical treatment from an ECFMG certified physician—sued ECFMG, a nonprofit that certified international medical graduates (IMG) by verifying that they received a degree from an appropriate foreign medical institution, passed two examinations measuring their medical skills, and demonstrated English-language proficiency.[2] This certification is used by IMGs to apply to residency programs and for medical licenses in the United States. In 1997, ECFMG certified a purported IMG using the name "John Nosa Akoda"; the nonprofit had previously invalidated and revoked certifications from this IMG under two

---

[1] Plaintiffs' separate negligence and NIED claims have merged. Plaintiffs acknowledge that the only harm suffered is emotional distress. So the two counts are materially indistinguishable and amount to a claim for a single tort, NIED.

[2] We issued a prior opinion in this case, *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259 (3d Cir. 2021), regarding class certification and adopt many of the facts from that opinion.

2

different names.[3] Akoda's use of fraudulent documents to obtain multiple medical certifications and licenses was later discovered, and in 2016 he pleaded guilty to "misuse of a social security account number to fraudulently obtain a Maryland medical license."[4]

Plaintiffs alleged that ECFMG negligently certified Akoda. By the time Akoda's fraud was discovered, he had treated hundreds of patients, including Plaintiffs. They claimed that ECFMG should have utilized its process for investigating "irregular behavior," meaning actions that might subvert ECFMG's certification process, to discover Akoda's fraud before he treated them. Although ECFMG launched an investigation into Akoda, the ECFMG official overseeing Akoda's case "concluded that he did not have enough evidence to recommend Akoda's case to [ECFMG's] credentialing committee. So Akoda's credential remained active."[5] Akoda treated each of the named Plaintiffs during his certification period.[6] They alleged that they have suffered embarrassment and mental and psychological anguish because of Akoda's offensive touching.

ECFMG moved for summary judgment, which the District Court granted, concluding that the Pennsylvania Supreme Court would not recognize Plaintiffs' claims for NIED. The District Court reasoned that Plaintiffs' emotional distress did not

---

[3] Akoda's given name is Oluwafemi Charles Igberase. Akoda is a pseudonym Igberase used to treat patients in the United States.
[4] *Russell*, 15 F.4th at 264.
[5] *Id*.
[6] Akoda gave prenatal care to, and delivered the children of, each of the Plaintiffs. Two of them asserted that Akoda touched them sexually or made inappropriate comments during their treatment.

accompany the physical impact but instead resulted from a reevaluation of Plaintiffs' memories of the physical impact, and to permit such a claim would expand the outer limits of NIED liability beyond what the Pennsylvania Supreme Court has prescribed. Furthermore, the District Court held that Plaintiffs' NIED claim also failed under a "zone of danger" theory because Plaintiffs did not fear the physical impact; rather, they "loathe the memory" of it.[7] The District Court predicted that the Pennsylvania Supreme Court would not relax the physical impact requirement to permit such claims. Last, the District Court held that, even if Plaintiffs could fit their claims into a theory of NIED, they could not establish proximate cause. The District Court explained that the lapse of time and lengthy chain of events separating ECFMG's conduct from Plaintiffs' injuries suggested the absence of proximate cause. Plaintiffs appealed.Plaintiffs argue on appeal that the District Court erred in granting ECFMG summary judgment because (1) their NIED claims fit within one or more theories of the tort under Pennsylvania law and (2) ECFMG's negligent conduct in certifying Akoda was a proximate cause of Plaintiffs' injuries.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. §1332(d). This Court has jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's grant of summary judgment.[8] Summary judgment is appropriate where there is no genuine issue

---

[7] JA16-17.
[8] *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001).

as to any material fact and the moving party is entitled to judgment as a matter of law.[9]

We view the facts in the light most favorable to the non-moving party.[10]

### III.    DISCUSSION

We conclude that the District Court did not err in granting summary judgment to ECFMG. The District Court correctly held that Plaintiffs cannot state a claim of NIED under Pennsylvania law.[11]

Plaintiffs contend that their claims satisfy Pennsylvania's physical impact requirement because the District Court erred in determining that any damage to them had to be immediate. Instead, they argue, all that is required is that their fright or mental suffering is directly traceable to the peril in which ECFMG's negligence placed them. . Second, Plaintiffs argue that their NIED claims could survive under a "zone of danger" theory. Appellants' Br., at 42-43. More generally, Plaintiffs argue that the Pennsylvania Supreme Court would recognize the claim for NIED here because they suffered a substantial wrong in need of redress. [12]

---

[9] *Id.*
[10] *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001).
[11] We agree with the District Court that Pennsylvania law applies and therefore do not address Plaintiffs' alternative arguments under Maryland law.
[12] Plaintiffs make passing reference to a theory of recovery on the basis that they were injured by Akoda's touching of their newborn children upon delivery. Undeveloped arguments are deemed forfeited on appeal, *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997), and this theory of recovery clearly fails under Pennsylvania precedent. *See Sinn v. Burd*, 404 A.2d 672 (Pa. 1979) (creating a theory of recovery for a witness caused emotional distress by viewing the serious injury or death of another.).

Traditionally, to prevail on a claim of NIED under Pennsylvania law, a plaintiff had to show that there was a "physical impact."[13] "[W]here . . . a plaintiff sustains bodily injuries, even though trivial or minor in character, which are accompanied by fright or mental suffering directly traceable to the peril in which the defendant's negligence placed the plaintiff, then mental suffering is a legitimate element of damages."[14] To uphold a claim for NIED under a physical impact theory, a plaintiff must show that he or she suffered "immediate and substantial physical harm,"[15] and the Pennsylvania Supreme Court has said that NIED provides a remedy for "trauma derived from a *contemporaneous* physical impact."[16]

The Pennsylvania Supreme Court has since created three limited exceptions to the physical impact requirement: (1) "the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury;" (2) the plaintiff observed a tortious physical injury to a close relative; or (3) the defendant had a contractual or fiduciary duty toward the plaintiff.[17] As relevant here, a plaintiff may recover for NIED based upon zone of danger liability where he or she (1) was in personal danger of

---

[13] *Niederman v. Brodsky*, 261 A.2d 84, 90 (Pa. 1970).
[14] *Brown v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130, 1135-36 (Pa. Super. Ct. 1996) (quoting *Potere v. City of Philadelphia*, 112 A.2d 100, 104 (Pa. 1955)).
[15] *Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 28 (Pa. Super. Ct. 2000).
[16] *Schmidt v. Boardman Co.*, 11 A.3d 924, 948 (Pa. 2011) (emphasis added).
[17] *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 217 (Pa. Super. Ct. 2012) (quoting *Toney v. Chester Cty. Hosp.*, 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008)).

physical impact because of the direction of a negligent force against him or her and (2) actually feared the physical impact.[18]

Plaintiffs claim that, under Pennsylvania law, ECFMG is liable for NIED because damage from physical impact need not occur immediately or simultaneously to the impact, and that it is of no moment that their emotional distress resulted from having to reframe their memory of the impact. What matters, in Plaintiffs' view, is that the emotional distress is "directly traceable to the peril in which [ECFMG's] negligence placed the plaintiff[s]."[19]

Here, Plaintiffs were each seen by Akoda as his patients between 2012 and 2016. He delivered their children and performed obstetrics. But their emotional distress did not accompany their treatment. Although certain Plaintiffs claimed sexual abuse at the hands of Akoda, they tie their emotional distress claims to later learning about Akoda's arrest and his background. No ongoing threat or risk from the physical impact existed at the time that they received this information and reconceived their memories of their treatment. Rather, the alleged harm suffered was a result of their discovery of the doctor's fraud, which was not contemporaneous with the medical treatment they received. The harm was not even roughly contemporaneous: it occurred between several months and several years after Akoda treated Plaintiffs. Plaintiffs cite no cases—and we know

---

[18] *Schmidt*, 11 A.3d at 948 (quoting *Niederman*, 261 A.2d at 90).
[19] Appellants' Br., at 40 (quoting *Niederman*, 261 A.2d at 86).

of none—in which the delay between physical impact and emotional distress exceeded mere hours.[20] Therefore, Plaintiffs cannot recover under a physical impact theory.

Plaintiffs may also not recover under a theory that they were in the "zone of danger." Plaintiffs did not fear the physical impact insofar as, at the time of their treatment, they did not know of Akoda's deceit. Because they were not put in fear of impending injury, the zone of danger framework is inapplicable here.

Pennsylvania law recognizes that not all emotional injury is actionable under the tort of NIED.[21] We hold that the District Court correctly determined that the present circumstances would not be actionable under Pennsylvania law. Because we will affirm the District Court on this ground, we need not reach its alternative holding regarding proximate cause.[22]

## IV.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of ECFMG.

---

[20] *See Shumosky v. Lutheran Welfare Servs. of Ne. PA, Inc.*, 784 A.2d 196, 198 (Pa. Super. Ct. 2001) (a nurse stuck with a needle that had been used on a patient with AIDS was told at the end of her shift that she may have been exposed to AIDS).
[21] *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 91 (Pa. 2011) (Baer, J., plurality for an equally divided court).
[22] ECFMG raises additional arguments that (1) ECFMG had no duty to Plaintiffs, and (2) Plaintiffs consented to treatment. Given our holding, we do not reach these issues on appeal.